PEOPLE v GOREE

Docket No. 302046. Submitted April 10, 2012, at Detroit. Decided April 19, 2012, at 9:00 a.m.

Nathaniel Goree was charged in the Wayne Circuit Court with assault with intent to commit murder, assault with intent to do great bodily harm less than murder, and possession of a firearm during the commission of a felony. A jury acquitted him with regard to the assault charges, but convicted him of the felony-firearm charge. Defendant appealed, alleging that the court, Thomas E. Jackson, J., erred by instructing the jury that a felony-firearm offense cannot be justified by self-defense.

The Court of Appeals *held*:

The trial court erred by instructing the jury that self-defense is not applicable to a felony-firearm charge. Defendant presented evidence from which the jury apparently found that defendant acted in self-defense. Defendant introduced evidence from which the jury could conclude that defendant's alleged criminal possession of a firearm was justified because he honestly and reasonably believed that his life was in imminent danger and that it was necessary for him to exercise force to protect himself. The trial court's erroneous jury instruction was prejudicial. Defendant is entitled to a new trial on the felony-firearm charge. His conviction is vacated and the matter is remanded for further proceedings.

Vacated and remanded.

CRIMINAL LAW — SELF-DEFENSE — FELONY-FIREARM.

The defense of self-defense is available to a defendant charged with possession of a firearm during the commission of a felony (MCL 750.227b; MCL 780.972).

*Bill Schuette*, Attorney General, *John J. Bursch*, Solicitor General, *Kym L. Worthy*, Prosecuting Attorney, *Timothy A. Baughman*, Chief of Research, Training, and Appeals, and *Julie A. Powell*, Assistant Prosecuting Attorney, for the people.

Nathaniel Goree *in propria persona*.

Before: BORRELLO, P.J., and JANSEN and GLEICHER, JJ.

PER CURIAM. A jury convicted defendant, Nathaniel Goree, of possession of a firearm during the commission of a felony (felony-firearm) in violation of MCL 750.227b, but acquitted him of any underlying assault charge. The jury reached its verdict after the trial court erroneously reinstructed it that a felony-firearm offense cannot be justified by self-defense. A defendant's commission of a violent crime may be excused when the defendant acts to protect himself or others, as may a firearm-possession charge. We therefore vacate defendant's felony-firearm conviction and sentence, and remand for a new trial before a properly instructed jury.

I. BACKGROUND

Defendant and his wife, Edna Goree, live next door to the Buckner family on Elmdale Street in the city of Detroit. In 2009, the families began to feud over the placement of a privacy fence. Then, on March 16, 2010, 13-year-old Breanna Buckner and defendant's grandchildren had a disagreement. Edna and her 34-year-old daughter each allegedly slapped Breanna on the face. The police were summoned and the prosecutor filed assault and battery charges against Edna and her daughter.[1]

After the March 2010 incident, the animosity between the families escalated. At approximately 7:00 p.m. on August 1, 2010, the Buckner family returned home after a day out together. Donald Buckner testified

---

[1] According to the record, the Gorees' assault and battery trial was scheduled for November 16, 2010. There is no record indication regarding the outcome of that trial.

that Edna was standing inside her front door, talking on her cell phone and peeking over at them. Donald and his three teenage children got out of the family vehicle. Donald's wife then drove the vehicle past the fence gate and parked it. According to Donald, defendant and Edna came outside and walked to the side of their porch closest to the Buckner home. Donald testified that defendant acted like he was in a trance and repeatedly stated, "Big head bitch, I'm going to kick your ass, I'm tired of this shit." Donald walked down his driveway to a vantage point where he could better see defendant. Donald told defendant, "you nothing but a pussy, you always listening to your wife starting stuff." Donald warned defendant not to come on his property. Donald testified that Edna prodded defendant to shoot him. At that point, defendant reached into his pants, withdrew a handgun, and fired a shot toward Donald's chest. The bullet punctured Donald's arm and hit his rib cage. Donald claimed that defendant and Edna then descended their porch and walked up the Buckners' driveway, and that defendant fired a second shot. Donald and his family escaped into the house and called 911. Donald's wife and three children corroborated the basic elements of his testimony.

Defendant and Edna, on the other hand, claimed that Donald Buckner called Edna "a big head bitch." They testified that Edna tried to leave the house to go to the store, but was stopped when Donald invaded their front porch. Defendant claimed that Donald "looked all wild . . . . Eyes all bulged out his [sic] head, like, he had white all around his lips." Defendant verbally confronted Donald and Donald jumped off the porch. According to defendant and Edna, Donald reached behind his back and threatened, "I have something for you." Defendant was afraid that Donald had a gun. Defendant has a permit to carry a concealed weapon and was

wearing a handgun on his left side. He drew and fired once at Donald. Edna heard Donald yell, "he shot me, he shot me." Defendant and Edna went into the house and called 911.

The responding officers found a single spent shell casing in the flower bed in front of defendant's porch. They found a blood trail on the Buckners' driveway starting about five feet from the gate. The officers found no blood on defendant's property. The officers discovered a neighbor who witnessed part of the incident. He testified that he heard a single gunshot and looked out to see defendant standing on his own property, but near the Buckners' driveway, and heard defendant yell, "I shot him, I shot him, he was on my porch."

The prosecution charged defendant with assault with intent to commit murder, MCL 750.83, and an alternative lesser charge of assault with intent to do great bodily harm less than murder, MCL 750.84. Defendant pleaded self-defense and the jury acquitted him of both assault charges. However, the jury convicted defendant of the charged offense of felony-firearm in violation of MCL 750.227b. The court then sentenced defendant to two years' imprisonment.

## II. JURY INSTRUCTIONS

Defendant argues that the trial court erroneously instructed the jury that it could not consider self-defense when making its determination on the felony-firearm charge. At the close of defendant's trial, the court instructed the jury as follows with regard to defendant's claim of self-defense:

> In this case the Defendant claims that he acted in lawful self-defense of himself or his wife. A person has the right to use force or even take a life to defend himself or another under certain circumstances. If a person acts in lawful

self-defense, his actions are justified and he is not guilty of the crime. You should consider all the evidence and use the following rules to decide whether the Defendant acted in lawful self-defense. Remember to judge the Defendant's conduct according to how the circumstances appeared to him at the time he acted.

First, at the time he acted the Defendant must have honestly and reasonably believed that he was in danger or another person was being [sic] in danger of being killed or seriously injured. If his belief was honest and reasonable, he could act immediately to defend himself even if it turned out later that he was wrong about how much danger he was in.

In deciding if the Defendant's belief was honest and reasonable, you should consider all the circumstances as they appeared to the Defendant at the time.

Second, a person may not kill or seriously injure another person to protect himself or another person against what seems like a threat of only minor injury. The Defendant must have been afraid of death or serious physical injury or death or physical injury of another person.

When you decide if the Defendant was afraid of one or more of these, you should consider all the circumstances. The condition of the people involved, including their relative strength, whether the other person was armed with a dangerous weapon or had some other means of injuring the Defendant, and the nature of the other person's attack or threat.

Third, at the time he acted, the Defendant must have honestly and reasonably believed that what he did was immediately necessary. Under the law, a person may only use as much force as he thinks is necessary at the time to protect himself or another person.

A person can use deadly force in self-defense only where it is necessary to do so. If the Defendant could have safely retreated but did not do so, you may consider that fact in deciding whether the Defendant honestly and reasonably believed he needed to use deadly force and self-defense.

However, a person is never required to retreat an attack in his or her own home, nor if the person reasonably believed that an attacker is about to use a deadly weapon, nor if the person is subject to a sudden fierce and violent attack.

Further, a person is not required to retreat if the person has not or is not engaging in the commission of a crime at the time the deadly force is used; and had a legal right to be where the person is at that time; and has an honest and reasonable belief that the use of deadly force is necessary to prevent imminent death or great bodily harm of the person or another person.

The Defendant does not have to prove that he acted in self-defense. Instead, the prosecutor must prove beyond a reasonable doubt that the Defendant did not act in self-defense.

You may consider whether the Defendant had a reason to commit the crimes charged but a reason by itself is not enough to find a person guilty of a crime. The prosecutor does not have to prove that the Defendant had a reason to commit the crimes charged. He only has to show that the Defendant actually committed the crime and that he meant to do so.

The court then proceeded to instruct the jury on the elements of the alternative charged assault offenses. In relation to the felony-firearm charge, the court instructed:

Now, there is a second count here of possession of a firearm in the commission of a felony.

By the way, the fact of the Defendant having a CCW permit does not preclude a conviction on this charge in and of itself, but you have to prove the elements of the charge here.

The Defendant is also charged with the separate crime of possessing a firearm at the time he committed or attempted to commit the crime of assault with intent to murder or assault with intent to do great bodily harm. To

prove this charge, the prosecutor must prove the following elements beyond a reasonable doubt:

First, that the Defendant committed or attempted to commit the crime of assault with intent to murder, or assault with intent to do great bodily harm, as I have defined those for you. It is not necessary, however, that the Defendant be convicted of that crime, one of those crimes.

Second, at the time the Defendant committed or attempted to commit either of those crimes, he knowingly carried or possessed a firearm.

During deliberations, the jury submitted a note to the court stating, "one, please explain the charged Count Two felony firearm, and, two, does self-defense apply to the felony firearm charge?" The court informed the attorneys that it intended to reread the standard jury instruction and include some information from the "use note and commentary." Of relevance to this appeal, the court stated its intention to "inform them that they have to decide on the underlying offense, but it doesn't have to be a conviction on that, and that when they apply self-defense, they look at it as in terms of the underlying offense in the application. Something to that affect." The court then reinstructed the jury, in relevant part, as follows:

The Defendant is also charged with the separate crime of possessing a firearm at the time he committed or attempted to commit the crime of assault with intent to murder or assault with intent to do great bodily harm. To prove this charge, that is involving the felony firearm, the prosecution must prove each of the following elements beyond a reasonable doubt:

First, that the Defendant committed or attempted to commit the crime of assault with intent to murder or assault with intent to do great bodily harm, as I have defined those for you.

It is not necessary, however, that the Defendant be convicted of that crime or one of those crimes.

Second, at the time the Defendant committed or attempted to commit the crime of assault with intent to murder or assault with intent to do great bodily harm, he knowingly carried or possessed a firearm.

The felony firearm statute prohibits the actual and constructive possession of a firearm at the time that a defendant commits the underlying offense.

Now, so, there is kind of, like, almost your analysis, somewhat of a two-step process here. As a general rule the felony firearm statute is tied to the underlying offense, here the assault charges. And you have to decide if the Defendant committed or attempted to commit that crime. But you can convict the Defendant—in other words, you are not precluded from convicting the Defendant if you find the Defendant not guilty on the other one or if you find him guilty, it can go either way. Because it says that you are—the way the statute is written, it is not necessary that the Defendant be convicted of that crime.

So, in terms of your question, the self-defense might not necessarily apply directly to the firearm, but it is all part of the entire process here, how you look at the case.

So, in other words, one is not charged with felony firearm by itself, so, therefore, *there could not be a self-defense to felony firearm* because that could never be a charge standing alone of felony firearm. So, it is kind of like they are all kind of tied in together.

But, again, you, as the instruction says here, the prosecutor must prove the following elements beyond a reasonable doubt:

First, that Defendant committed or attempted to the [sic] commit the crime of assault with intent to murder or assault with intent to do great bodily harm, as those are defined.

However, the law says that it is not necessary, however, that the Defendant be convicted of that crime of assault with intent to murder or assault with intent to do great

bodily harm. But at the same time, as part of your analysis in terms of self-defense, I guess in a manner of speaking, is not applied directly to the felony firearm charge, kind of wrapped in with the other charges also.

\*   \*   \*

So, your question was, does self-defense apply to a felony firearm charge? When you look at how you apply the felony firearm, you also have to sort of connect it in with the other one's there making that determination, but you are not precluded from finding the Defendant guilty or not guilty on the felony firearm charge simply and only on what you do with the other charges. [Emphasis added.]

After the court excused the jurors to continue deliberations, defense counsel indicated that he did not "disagree with what you said, but I was requesting that perhaps the jury needed to be reinstructed on self-defense because there [sic] question said does self-defense apply. So, that's what I was asking for." The court responded, "I thought that I said in so many words *that self-defense would not apply* if there was simply a felony firearm charge. Wrap them in together." (Emphasis added.)

We review claims of instructional error de novo. *People v Kowalski*, 489 Mich 488, 501; 803 NW2d 200 (2011). "We consider the jury instructions as a whole to determine whether the court omitted an element of the offense, misinformed the jury on the law, or otherwise presented erroneous instructions." *People v Hartuniewicz*, 294 Mich App 237, 242; 816 NW2d 442 (2011). "[T]he trial court is required to instruct the jury concerning the law applicable to the case and fully and fairly present the case to the jury in an understandable manner." *People v Mills*, 450 Mich 61, 80; 537 NW2d 909 (1995), mod 450 Mich 1212 (1995). Yet, not all instructional errors warrant relief. We must affirm a

defendant's conviction if the instructions "fairly presented the issues to be tried and adequately protected the defendant's rights." *Kowalski*, 489 Mich at 502.

The trial court erred by instructing the jury that self-defense is not applicable to a felony-firearm charge. Felony-firearm is proscribed by MCL 750.227b(1): "A person who carries or has in his or her possession a firearm when he or she commits or attempts to commit a felony . . . is guilty of a felony . . . ."

> The felony-firearm statute applies whenever a person carries or has a firearm in his possession when committing or attempting to commit a felony. The evident purpose of the statute is to enhance the penalty for the carrying or possession of firearms during the commission of a felony and thus to deter the use of guns. [*People v Moore*, 470 Mich 56, 62; 679 NW2d 41 (2004).]

As noted by this Court, "[i]t is possession, not use, of a firearm during the commission of a felony that satisfies the requirements of the statute." *People v Beard*, 171 Mich App 538, 546; 431 NW2d 232 (1988). And as described in *Wayne Co Prosecutor v Recorder's Court Judge*, 406 Mich 374, 391; 280 NW2d 793 (1979):

> The Legislature has clearly expressed its judgment that carrying a firearm during any felony which may, but need not necessarily, involve the carrying of a firearm, entails a distinct social harm inimical to the public health, safety and welfare which deserves separate treatment. In order to deter the use of guns, the Legislature has chosen to create a separate crime.

At its core, felony-firearm is a possessory offense. Our Supreme Court has found self-defense applicable to another possessory offense—being a felon in possession of a firearm in violation of MCL 750.224f. In *People v Dupree*, 486 Mich 693, 696; 788 NW2d 399 (2010), the defendant was a convicted felon who was barred by

statute from possessing a weapon. The defendant wrested a weapon away from an armed assailant during a confrontation at a family party. The defendant then used the weapon to shoot the assailant three times. *Id.* at 698-699. The defendant challenged the assault charges raised against him, asserting that he acted in self-defense. *Id.* at 699. The trial court instructed the jury that the defendant could claim self-defense to the felon-in-possession charge, but told the jury that the defense could apply only if the defendant " 'did not keep the gun in his possession any longer than necessary to defend himself,' " or if the defendant intended " 'to deliver the gun to the police at the earliest possible time.' " *Id.* at 699-700 (emphasis omitted). Similar to the current case, the jury acquitted Dupree of the assault charges but convicted him of being a felon in possession of a firearm. *Id.* at 700.

The Supreme Court determined that the common-law affirmative defense of self-defense was applicable to a felon-in-possession charge without the trial court's gloss requiring a defendant to discard the weapon as soon as possible. *Id.* at 705-706, 711-712. Relying on foreign jurisprudence, the Court noted that felon-in-possession statutes are " 'not intended to affect [a defendant's] right to use a firearm in self-defense' " but were merely intended " 'to prohibit members of the affected classes from arming themselves with firearms or having such weapons in their custody or control in circumstances other than those in which the right to use deadly force in self-defense exists or reasonably appears to exists [sic].' " *Id.* at 706, quoting *Harmon v State*, 849 NE2d 726, 734 (Ind App, 2006).

Because the incident underlying *Dupree* occurred before the 2006 enactment of the self-defense act (SDA), MCL 780.971 *et seq.*, the Court applied the common-law

defense. We see no justification to preclude a self-defense instruction merely because the current defendant's defense theory falls under the statute. Pursuant to MCL 780.972, a criminal defendant may raise self-defense as follows:

(1) An individual who has not or is not engaged in the commission of a crime at the time he or she uses deadly force may use deadly force against another individual anywhere he or she has the legal right to be with no duty to retreat if either of the following applies:

(a) The individual honestly and reasonably believes that the use of deadly force is necessary to prevent the imminent death of or imminent great bodily harm to himself or herself or to another individual.

(b) The individual honestly and reasonably believes that the use of deadly force is necessary to prevent the imminent sexual assault of himself or herself or of another individual.

(2) An individual who has not or is not engaged in the commission of a crime at the time he or she uses force other than deadly force may use force other than deadly force against another individual anywhere he or she has the legal right to be with no duty to retreat if he or she honestly and reasonably believes that the use of that force is necessary to defend himself or herself or another individual from the imminent unlawful use of force by another individual.

Here, the trial court properly instructed the jury on the elements of the felony-firearm charge. The court also properly instructed the jury that it need not convict a defendant of an underlying assault charge in order to convict the defendant of the felony-firearm offense. *People v Lewis*, 415 Mich 443, 455; 330 NW2d 16 (1982). The court even correctly described the applicable law of self-defense to the jury. The trial court erred, however, by instructing the jury that "one is not charged with

felony firearm by itself, so, therefore, there could not be a self-defense to felony firearm . . . ."

Just as in *Dupree*, 486 Mich at 708 (quotation marks and citation omitted), our defendant "presented evidence from which a jury could find—and apparently did find—that he acted in self-defense" when he drew his weapon and fired at Donald Buckner. This is shown by the jury's acquittal on the alternate assault charges. Also similar to *Dupree*, *id.*, our defendant "introduced evidence from which a jury could conclude that defendant's criminal possession of the firearm was justified because defendant honestly and reasonably believed that his life was in imminent danger and that it was necessary for him to exercise force to protect himself." The trial court's erroneous instruction that defendant's act of felony-firearm could not be justified by self-defense was prejudicial. "We presume that the jury followed the trial court's instructions." *Id.* at 711. As such, we must presume that the jury followed the court's erroneous instruction not to excuse defendant's felony-firearm offense. Defendant was "entitled to have a properly instructed jury consider the evidence against him," and is therefore entitled to a new trial on the felony-firearm charge. *Id.* at 712 (quotation marks and citation omitted).

Vacated and remanded to the trial court for further proceedings consistent with this opinion. We do not retain jurisdiction.

BORRELLO, P.J., and JANSEN and GLEICHER, JJ., concurred.