# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

JARON HOWARD MORGAN,

       Defendant-Appellant.

UNPUBLISHED
November 4, 2014

No. 316848
Eaton Circuit Court
LC No. 12-020195-FC

Before: METER, P.J., and WHITBECK and RIORDAN, JJ.

PER CURIAM.

Defendant, Jaron Morgan, appeals as of right his jury trial convictions of carrying a concealed weapon (CCW), MCL 750.227, possession of a firearm by a felon (felon in possession), MCL 750.224f, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant's convictions stem from aiding and abetting his brother, Jermaine Fowler (Fowler), murder the victim. The victim had stolen money from defendant while he was incarcerated. From prison, the defendant told his brother where to find the murder weapon.

Defendant was sentenced as a fourth-offense habitual offender, MCL 769.12, to 44 to 360 months for CCW and felon in possession, respectively, and two years for felony-firearm. We affirm.

## I. EVIDENTIARY ISSUES

Defendant first contends that the trial court erred in failing to redact references to his parole status from the recorded jailhouse phone calls wherein defendant was heard giving instructions on where to find the gun used in the murder. Defendant has waived this issue.

Before trial, plaintiff asked defendant if he wanted to request redaction of, or object to, the references to his parole status in the jail calls. Defendant responded by offering a proposed jury instruction, which instructed that while the jury would hear reference to his parolee status, it could not consider it in deliberations. Defendant thereafter stipulated to the admission of the phone calls, and the court read the aforementioned instruction.

-1-

As the Michigan Supreme Court has held, "[w]aiver has been defined as the intentional relinquishment or abandonment of a known right." *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000) (quotation marks and citation omitted). "One who waives his rights under a rule may not then seek appellate review of a claimed deprivation of those rights, for his waiver has extinguished any error." *Id.* Because defendant affirmatively agreed to the admission of the tapes, with the disputed references, he waived appellate review of this issue. Nor do we find the fleeting references to defendant's parole status a sufficient basis to overturn the verdict. MRE 403; MCR 2.613.

## II. SUFFICIENCY OF THE EVIDENCE

### A. STANDARD OF REVIEW

Defendant next contends that his convictions were not supported with sufficient evidence.[1] We review *de novo* a challenge to the sufficiency of the evidence. *People v Ericksen*, 288 Mich App 192, 195; 793 NW2d 120 (2010). "In determining whether the prosecutor has presented sufficient evidence to sustain a conviction, an appellate court is required to take the evidence in the light most favorable to the prosecutor" to ascertain "whether a rational trier of fact could find the defendant guilty beyond a reasonable doubt." *People v Tennyson*, 487 Mich 730, 735; 790 NW2d 354 (2010) (quotation marks and citations omitted). We resolve conflicts of the evidence in favor of the prosecution, "and we will not interfere with the jury's determinations regarding the weight of the evidence and the credibility of the witnesses." *People v Unger*, 278 Mich App 210, 222; 749 NW2d 272 (2008). Circumstantial evidence and reasonable inferences arising therefrom can constitute sufficient proof of the elements of a crime. *People v Allen*, 201 Mich App 98, 100; 505 NW2d 869 (1993).

### B. CARRYING A CONCEALED WEAPON

The prosecutor advanced an aiding and abetting theory of defendant's guilt. To support an aiding and abetting theory, "the prosecution must show that (1) the crime charged was committed by the defendant or some other person, (2) the defendant performed acts or gave encouragement that assisted the commission of the crime, and (3) the defendant intended the commission of the crime or had knowledge that the principal intended its commission at the time he gave aid and encouragement." *People v Jackson*, 292 Mich App 583, 589; 808 NW2d 541 (2011) (quotation marks and citation omitted). Aiding and abetting pertains to all forms of assistance, including words or deeds that support, encourage, or incite the commission of the crime. *Id.* As MCL 767.39 provides: "Every person concerned in the commission of an offense, whether he directly commits the act constituting the offense or procures, counsels, aids, or abets in its commission may hereafter be prosecuted, indicted, tried and on conviction shall be punished as if he had directly committed such offense." See also *People v Moore*, 470 Mich 56, 70; 679 NW2d 41 (2004). As our Supreme Court has explained:

---

[1] Defendant also raises a sufficiency challenge in his Standard 4 brief.

A defendant is criminally liable for the offenses the defendant specifically intends to aid or abet, or has knowledge of, as well as those crimes that are the natural and probable consequences of the offense he intends to aid or abet. Therefore, the prosecutor must prove beyond a reasonable doubt that the defendant aided or abetted the commission of an offense and that the defendant intended to aid the charged offense, knew the principal intended to commit the charged offense, or, alternatively, that the charged offense was a natural and probable consequence of the commission of the intended offense. [*People v Robinson*, 475 Mich 1, 15; 715 NW2d 44 (2006).]

Carrying a concealed weapon prohibits a person from carrying "a pistol concealed on or about his or her person, or, whether concealed or otherwise, in a vehicle operated or occupied by the person, except in his or her dwelling house, place of business, or on other land possessed by the person, without a license to carry the pistol as provided by law and if licensed, [he] shall not carry the pistol in a place or manner inconsistent with any restrictions upon such license." MCL 750.227(2).

Defendant contends that he had no reason to know that his brother would transport the gun in a car, or conceal it. However, on appeal, defendant admits that there was evidence he "knew [his brother] wanted a gun and was looking" for the victim and defendant "was aware that [his brother] was being driven around Lansing[.]" A logical inference from these facts is that, in directing Fowler to a gun while knowing Fowler was driving around looking to confront the victim, defendant aided and abetted his brother's commission of CCW. The evidence was sufficient to sustain defendant's conviction.

## C. FELON IN POSSESSION

Sufficient evidence also existed for the felon in possession conviction. In order to prove felon in possession, the prosecution had to prove that defendant aided and abetted his brother's possession of a firearm, and his brother had been convicted of a specified felony. MCL 750.224f(2).

Defendant's brother was convicted of a controlled substance offense, which is a specified felony pursuant to MCL 750.224f(10)(b). This precluded him from possessing a firearm for a five year period. Defendant contends that while he may have known Fowler had been to prison, that does not translate to knowing Fowler was ineligible to possess a firearm.

However, defendant knew that his brother had been in and out of prison and was becoming increasingly angry at the victim for stealing defendant's property. Defendant was aware that his brother was looking to confront the victim. Armed with this knowledge, defendant directed his brother to the location of the pieces of a disassembled gun. He encouraged his brother to confront the victim and recover his property. After obtaining the gun, defendant's brother approached the victim, drew the gun, and fatally shot him.

Under these circumstances, the jury could reasonably conclude that defendant aided and abetted his brother in committing the crime of felon in possession. It was reasonable for the jury to conclude that defendant, as the shooter's brother, was aware of his brother criminal

-3-

background and ineligibility to possess a firearm. The jury also was reasonable in concluding that defendant's instructions led his brother to the gun, which resulted in Fowler's possession of a firearm. As defendant concedes on appeal, "it is a fair inference that [defendant] was directing Mr. Fowler to the magazine and pistol in" the house.

## D. FELONY-FIREARM

To the extent that defendant challenges his felony-firearm conviction, we find no basis for reversal. MCL 750.227b prohibits persons from using a firearm during the commission of a felony. "At its core, felony-firearm is a possessory offense." *People v Goree*, 296 Mich App 293, 302; 819 NW2d 82 (2012). In order to establish that a defendant aided and abetted a felony-firearm offense, the prosecution must prove: (1) a person violated the felony-firearm statute; (2) defendant performed acts or gave encouragement that assisted in the commission of the felony-firearm violation; and (3) "defendant intended the commission of the felony-firearm violation or had knowledge that the principal intended its commission at the time that the defendant gave aid and encouragement." *People v Moore*, 470 Mich 56, 70-71; 679 NW2d 41 (2004).

In furnishing his brother with information about the location of a gun, defendant provided the means by which his brother murdered the victim. Defendant also encouraged his brother to confront the victim regarding the victim's alleged theft of defendant's property. From such facts, the jury could reasonably conclude that defendant aided and intended the commission of the felony-firearm, as he directed his felon brother to obtain the gun while driving around Lansing to confront the victim.

## III. NEWLY DISCOVERED EVIDENCE

Lastly, defendant requests a remand for the trial court to hold an evidentiary hearing based on newly discovered evidence. Of initial significance is that we have previously denied defendant's request for a remand, and defendant merely asserts the same grounds as he did in his motion. See *People v Morgan*, unpublished order of the Court of Appeals, entered April 25, 2011 (Docket No. 316848). Nor is there any merit to defendant's argument.

The evidence defendant relies on is from an individual—"Damien Lee Long," aka "Debo"[2]—who claims that he took the gun from the house before the shooting. This evidence supposedly undermines the testimony of Bethany Brockwell, who claimed that Fowler entered the house and retrieved two parts of a gun.

First, defendant has offered no argument why with "reasonable diligence" he could not "have discovered and produced the evidence at trial[.]" *People v Cress*, 468 Mich 678, 692; 664

---

[2] While defendant refers to this individual with the surname "Long," the signature of the affidavit appears to state "Lang," and the prosecution asserts that this individual is named "Damien Lee Lang." In order to avoid confusion, we will refer to this individual as "Lang."

NW2d 174 (2003). "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority." *People v Payne*, 285 Mich App 181, 195; 774 NW2d 714 (2009) (quotation marks and citation omitted).[3]

Furthermore, this new evidence does not make a different result probable on retrial. *Cress*, 468 Mich at 692. The fact that Lang now claims to have taken a gun from the residence does not undermine Brockwell's testimony. It could very well be that there were multiple guns in the home. Moreover, this evidence does nothing to undermine the actual basis for defendant's convictions, namely, that he instructed his brother on the whereabouts of a gun in order to aid and abet the murder of the victim. The fact that Fowler may have obtained a different gun than the specific one defendant directed him to is immaterial. The relevant evidence, that remains undisturbed, is that defendant instructed his brother to retrieve a gun and confront the victim.[4]

Thus, defendant has not established the essential elements under *Cress*, and is not entitled to an evidentiary hearing under MCR 7.211(C)(1).

## IV. CONCLUSION

Defendant's convictions were supported with sufficient evidence. Defendant is not entitled to a remand based on newly discovered evidence. We affirm.

/s/ Patrick M. Meter
/s/ William C. Whitbeck
/s/ Michael J. Riordan

---

[3] Nor does defendant provide any support for his assertion, in his Standard 4 brief, that "it is obvious, the prosecution withheld exculpatory or impeaching evidence from the defense[.]"

[4] In his Standard 4 brief, defendant generally contends that Brockwell's testimony was not credible because she made a deal with the prosecution in exchange for testifying. However, this evidence was produced at trial, and the court instructed the jury that it may consider Brockwell's agreement when assessing her credibility. We defer to the trier of fact's credibility determinations. *People v Hardiman*, 466 Mich 417, 431; 646 NW2d 158 (2002). Nor does defendant demonstrate a basis for reversal regarding the prosecution "allowing" Brockwell's testimony to go uncorrected.