*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

ROBERTA VAN BUREN,

      Defendant-Appellant.

UNPUBLISHED
January 17, 2019

No. 339119
Wayne Circuit Court
LC No. 16-010382-01-FC

Before: MARKEY, P.J., and M. J. KELLY and SWARTZLE, JJ.

PER CURIAM.

Defendant appeals as of right her jury trial conviction for possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The trial court sentenced defendant to two years' imprisonment as mandated under the statute. We affirm.

## I. BACKGROUND

This case arises out of the shooting of George Mealy by defendant during a family argument. Testimony admitted at trial indicated that, when Mealy charged defendant and her daughter with a knife, defendant shot the victim. Defendant admitted that she shot and killed Mealy, but argued that she did so in self-defense. At trial, the jury acquitted defendant of the second-degree murder charge by reason of self-defense, but convicted defendant of the felony-firearm charge. Defendant contends on appeal that the trial court erred by improperly instructing the jury. Defendant also contends that her trial counsel was ineffective for failing to argue that the defense of self-defense specifically applied to the felony-firearm charge and for failing to request that the trial judge explicitly instruct the jury that self-defense applied to the felony-firearm charge.

## II. ANALYSIS

### A. JURY INSTRUCTIONS

Defendant first contends that the trial court erred when it failed to instruct the jury specifically that the defense of self-defense applied to the felony-firearm charge. Defendant contends that she was prejudiced by the trial judge's instructions. We disagree.

To preserve an appellate challenge to jury instructions given at trial, the defendant must either have requested a jury instruction rejected by the trial court or have objected to the jury instructions given by the trial court. *People v Sabin (On Second Remand)*, 242 Mich App 656, 657; 620 NW2d 19 (2000). In this case, defendant did not object to the jury instructions at the trial court level. It is unclear from the record what instructions defendant requested or whether defendant indicated satisfaction with the instructions that were given. Therefore, this Court reviews the issue for plain error that affects defendant's substantial rights. *People v Knapp*, 244 Mich App 361, 375; 624 NW2d 227 (2001), citing *People v Carines*, 460 Mich 750, 766-767; 597 NW2d 130 (1999). To establish plain error, a defendant must show three things: "1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Id*. at 763, citing *United States v Olano*, 507 US 725, 731-734; 113 S Ct 1770; 123 L Ed 2d 508 (1993). "The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Carines*, 460 Mich at 763, citing *Olano*, 507 US at 734.

As a preliminary matter, we acknowledge that the jury returned an inconsistent verdict. The existence of this verdict by itself does not automatically mean, however, that the trial court gave erroneous instructions. An inconsistent jury verdict is constitutional under Michigan law. *People v Garcia*, 448 Mich 442, 461; 531 NW2d 683 (1995), citing *People v Vaughn*, 409 Mich 463; 295 NW2d 354 (1980). Furthermore, inconsistent verdicts do not necessarily undermine the validity of a felony-firearm conviction. *Garcia*, 448 Mich at 462, citing *People v Lewis*, 415 Mich 443, 448; 330 NW2d 16 (1982). It is not necessary for a jury to convict a defendant of the predicate felony in order to convict the defendant of felony-firearm. *Lewis*, 415 Mich at 453-454. Therefore, the jury could have decided that defendant committed the underlying felony for the purposes of the felony-firearm charge without convicting the defendant of that underlying felony. Any inconsistency in a verdict suggests that the jury either compromised or was lenient. *Garcia*, 448 Mich at 462, citing *Lewis*, 415 Mich at 450. In addition, "[w]henever a defendant is charged with different crimes that have identical elements, the jury must make an independent evaluation of each element on each charge . . . and may reach different conclusions concerning an identical element of two different offenses." *People v Goss*, 446 Mich 587, 597; 521 NW2d 312 (1994), citing *Lewis*, 415 Mich 443 (emphasis omitted). Therefore, the fact that the jury rendered an inconsistent verdict does not necessitate a conclusion that defendant's conviction of felony-firearm was invalid.

This Court reviews jury instructions in their entirety to determine if error requiring reversal occurred. *People v Chapo*, 283 Mich App 360, 373; 770 NW2d 68 (2009). Specifically, this Court considers the jury instructions to determine whether the trial court "omitted an element of the offense, misinformed the jury on the law, or otherwise presented erroneous instructions." *People v Hartuniewicz*, 294 Mich App 237, 242; 816 NW2d 442 (2011). Imperfect instructions do not require reversal if the instructions fairly presented the issues to be tried and sufficiently protected the defendant's rights. *Chapo*, 283 Mich App at 373. Furthermore, "[e]rror does not result from the omission of an instruction if the charge as a whole

covers the substance of the omitted instruction." *People v Piper*, 223 Mich App 642, 648; 567 NW2d 483 (1997).

Felony-firearm is a possessory offense. *People v Goree*, 296 Mich App 293, 302; 819 NW2d 82 (2012). The Michigan appellate courts have found that the defense of self-defense applies to possessory offenses. In *People v Dupree*, 486 Mich 693, 712; 788 NW2d 399 (2010), the Michigan Supreme Court held that the defense of self-defense was an available defense to the crime of being a felon in possession of a firearm (felon-in-possession). The *Dupree* Court reasoned that the felon-in-possession statute was not intended to affect a defendant's right to use a firearm "in self-defense, but was intended only to prohibit members of the affected classes from arming themselves with firearms or having such weapons in their custody or control in circumstances other than those in which the right to use deadly force in self-defense exists or reasonably appears to exists." *Id.* at 706 (citation omitted). Likewise, this Court, in *Goree*, followed the same rationale and held that the defense of self-defense is an available defense to a felony-firearm charge. *Goree*, 296 Mich App at 304-305.

Defendant first contends that the trial court erred when it failed to instruct the jury specifically that the defense of self-defense applied to the felony-firearm charge. At the close of defendant's case, the trial court first instructed the jury regarding the elements of second-degree murder and the lesser included offense of voluntary manslaughter. The trial court then gave the elements of defendant's claims of self-defense and defense of another. Specifically, the trial court instructed the jury that, "[i]f a person acts in lawful self-defense, that person's actions are justified and she is not guilty of second degree murder or voluntary manslaughter," and "[i]f a person acts in lawful defense of another, her actions are justified and she is not guilty of second degree murder or voluntary manslaughter." The trial court then immediately concluded its instructions to the jury by outlining the elements of the felony-firearm charge, and instructed the jury that the prosecutor was required to prove beyond a reasonable doubt that defendant committed either the crime of second-degree murder or voluntary manslaughter, for the jury to convict defendant of felony-firearm. The trial court further informed the jury that defendant need not be actually convicted of either of those underlying felonies to be convicted on the felony-firearm charge.

Defendant must show that a clear and obvious error occurred to satisfy the plain-error standard, specifically, that the trial judge omitted an element of the offense, misinformed the jury on the law, or otherwise presented an erroneous instruction. *Hartuniewicz*, 294 Mich App at 242. Although we acknowledge that the trial court could have given instructions that more clearly and explicitly outlined the connection between the defense of self-defense and the felony-firearm charge, we believe that the instructions given fairly presented the issues to be tried and sufficiently protected defendant's rights.

First, the trial court did not omit any element of either the defense of self-defense or the felony-firearm charge. Each instruction contained all of the applicable elements. See *Goree*, 296 Mich App at 304 (describing the elements of self-defense), and MCL 750.227b(1) (describing the elements of felony-firearm). The trial court instructed the jury that the defense of self-defense applied to the charges of both second-degree murder and voluntary manslaughter. The trial court specifically instructed the jury both that defendant would not be guilty of second-degree murder if she acted in self-defense and that defendant would not be guilty of felony-

firearm if defendant did not commit second-degree murder. Therefore, the jury could have made the logical inference that the defense of self-defense applied to the felony-firearm charge through the underlying felony of second-degree murder.

Second, the trial court did not misinform the jury regarding the applicable law. The trial court neither instructed the jury that self-defense did not apply to the felony-firearm charge, nor made a false statement about the law. The jury could have made the logical inference that self-defense applied to the felony-firearm charge through the predicate felony of second-degree murder without any interference from the trial court. Finally, no other erroneous instruction is clear and obvious from the record. When looking at the instructions as a whole, we believe that the trial court gave the jury instructions that fairly presented the issues to be tried and sufficiently protected defendant's interests. The instructions were sufficient to inform the jury that the defense of self-defense applied to the felony-firearm charge through the predicate felony. Therefore, we believe that the trial court did not err when it instructed the jury.

Although defendant relies on *Goree* to argue that the trial court's jury instructions were improper, *Goree* is distinguishable from this case. In *Goree*, the trial judge specifically instructed the jury that the defense of self-defense was not an available defense to a felony-firearm charge. *Goree*, 296 Mich App at 300-301. This Court held that the trial court's erroneous instruction constituted error prejudicial to the defendant. *Id*. at 304-305. Defendant's argument, that the instructions given in *Goree* are analogous to the instructions given in this case, is unpersuasive. Therefore, this Court's conclusion in *Goree* does not apply to the facts of this case.

This Court will not vacate defendant's conviction merely because of an inconsistent jury verdict. The trial court's instructions fairly presented the law of the case, and, therefore, sufficiently protected defendant's interests. It is entirely possible that the jury may have compromised or may have demonstrated leniency when it convicted defendant of only felony-firearm without convicting defendant of the underlying felony charge. A jury may reach different conclusions when independently evaluating a second-degree murder charge, on the one hand, and second-degree murder as the predicate felony element of felony-firearm, on the other. The existence of this inconsistent verdict does not, by itself, support a conclusion that the jury received improper instructions regarding the application of the defense of self-defense. Therefore, defendant's contention that the jury instructions were improper is without merit.

## B. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant next contends that her trial counsel's failure both to argue explicitly that the defense of self-defense applied to the felony-firearm charge and to request that the trial court instruct the jury as such amounted to the ineffective assistance of counsel. Defendant contends that defense counsel's failures, combined with the trial court's failure to instruct the jury properly on the felony-firearm charge, prejudiced defendant. We disagree.

A defendant may preserve his claim of ineffective assistance of counsel by moving for remand in this Court. See *People v Ginther*, 390 Mich 436, 444-445; 212 NW2d 922 (1973). Because defendant filed a motion for remand in this Court, she preserved her claim of ineffective assistance of counsel. Because this Court denied that motion and no *Ginther* hearing occurred,

however, our review is limited to errors apparent on the record. *People v Jordan*, 275 Mich App 659, 667; 739 NW2d 706 (2007).

"The determination whether defendant has been deprived of the effective assistance of counsel presents a mixed question of fact and constitutional law." *People v Lockett*, 295 Mich App 165, 186; 814 NW2d 295 (2012). This Court reviews the trial court's constitutional determinations de novo and its factual determinations for clear error. *Id.* A factual finding is clearly erroneous if the appellate court is "left with a definite and firm conviction that the trial court made a mistake." *People v Armstrong*, 490 Mich 281, 289; 806 NW2d 676 (2011).

To support a conclusion that defendant's trial counsel was ineffective, a defendant must show that "counsel's performance fell below an objective standard of reasonableness, and that the representation so prejudiced the defendant as to deprive him of a fair trial." *People v Pickens*, 446 Mich 298, 338; 521 NW2d 797 (1994); see also *Strickland v Washington*, 466 US 668, 687; 104 S Ct 2052; 80 L Ed 2d 674 (1984). A defendant must also demonstrate that the result was "fundamentally unfair or unreliable." *Lockett*, 295 Mich App at 187. "Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *People v Solmonson*, 261 Mich App 657, 663; 683 NW2d 761 (2004).

A defendant must overcome a strong presumption that the assistance of his counsel was sound trial strategy, and the defendant must show that, but for counsel's error, the outcome of the trial would have been different. *People v Davis*, 250 Mich App 357, 368-369; 649 NW2d 94 (2002). A particular trial strategy does not rise to the level of ineffective assistance of counsel simply because it does not work. *People v Matuszak*, 263 Mich App 42, 61; 687 NW2d 342 (2004). Further, an appellate court cannot assess defense counsel's competence with the benefit of hindsight. *Id.* at 58.

Defendant's first contention regarding ineffective assistance of counsel is that her trial counsel failed to argue that defendant's self-defense claim applied to the felony-firearm charge. The "failure to raise every conceivable issue does not constitute ineffective assistance of counsel." *People v Reed*, 198 Mich App 639, 646; 499 NW2d 441 (1993). Defendant is unable to show that defense counsel's lack of an explicit argument on this point fell below an objective standard of reasonableness. Defense counsel requested, both in opening statement and closing argument, that the jury acquit defendant completely by reason of self-defense. The jury could have reasonably understood this request to apply to both the second-degree murder charge and the felony-firearm charge. We conclude that trial counsel's actions did not fall below an objective standard of reasonableness. Because the jury could have made a reasonable inference that defendant's theory of self-defense applied to the felony-firearm charge, defendant's first argument regarding ineffective assistance of counsel is without merit.

Defendant's final contention regarding ineffective assistance of counsel is that her trial counsel was ineffective for failing to request a jury instruction specifically indicating that self-defense applied to the felony-firearm charge. Failing to request a particular jury instruction can be a matter of trial strategy. *People v Thorne*, 322 Mich App 340, 347; 912 NW2d 560 (2017). Additionally, the failure to request specific jury instructions does not constitute ineffective assistance of counsel where the trial court did not otherwise err in giving those instructions. *People v Cooper*, 236 Mich App 643, 659; 601 NW2d 409 (1999).

The exact jury instructions that defense counsel requested are unclear from the trial court record. The record only reflects that defense counsel gave proposed instructions to the trial court and did not object to the instructions that the trial court read to the jury. Although defendant argues on appeal that counsel's failure to request a specific instruction that self-defense applied to felony-firearm was ineffective, defendant does not adequately explain how this failure constitutes an objectively unreasonable performance, especially in light of the legal presumptions against ineffective assistance of counsel. Defendant has neither provided adequate reasons why the failure to specifically request an instruction that self-defense applied to felony-firearm was not a sound trial strategy, nor that the outcome of the trial would have been different absent this failure. No error is apparent on the face of the record that shows that defense counsel's failure to request a specific self-defense instruction was objectively unreasonable. Finally, the instructions that the trial court gave to the jury were otherwise proper, rendering defendant's claim for ineffective assistance meritless. Therefore, defendant's second contention regarding ineffective assistance of counsel also fails.

Affirmed.

/s/ Jane E. Markey
/s/ Michael J. Kelly
/s/ Brock A. Swartzle