*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

KEITH BURELL HUDSON,

Defendant-Appellant.

UNPUBLISHED
June 25, 2019

No. 338655
Wayne Circuit Court
LC No. 16-009413-01-FC

Before: MURRAY, C.J., and STEPHENS and SHAPIRO, JJ.

PER CURIAM.

Defendant appeals his conviction following a jury trial of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The court sentenced him to two years' imprisonment. We affirm.

## I. BACKGROUND

The conviction arose from the shooting death of 26-year-old Marcel Dubose on October 10, 2016, outside of the Hip Hop Shop in Detroit. Defendant, the storeowner, admitted shooting Dubose but claimed that he acted in self-defense.

The trial was held over the course of five days with numerous testifying witnesses and exhibits admitted into evidence. For purposes of this appeal, it is enough to know that the evidence established that Dubose came to defendant's store on the day of the shooting upset about a business arrangement regarding the sale of DVDs showing Dubose's mixed-martial-arts (MMA) fights. Eyewitness testimony established that Dubose was very upset with defendant, and that the argument escalated into a "scuffle" or "tussle." At some point, Dubose took his shirt off and threw one or more objects at defendant that were variously referred to by the witnesses as rocks, asphalt, cement, or bricks. Defendant then fired two "warning shots." Defendant's gun jammed, and when he unjammed it, he shot Dubose two times: once in the face and once in the chest. There was substantial evidence elicited pertaining to whether the shooting constituted self-defense, e.g., Dubose's statements and movements when the gun was jammed, the distance between defendant and Dubose at the time of the shooting, defendant's knowledge of Dubose's experience as a MMA fighter and Dubose's prior violent altercations.

-1-

Defendant was charged with first-degree murder, but the jury acquitted him on that charge and on the lesser-included offense of second-degree murder. The jury convicted him of felony-firearm and deadlocked with regard to involuntary manslaughter. Defendant was retried for manslaughter and acquitted.

## II. SELF-DEFENSE JURY INSTRUCTIONS

Defendant first argues that his trial counsel provided ineffective assistance of counsel by failing to request the model jury instruction on self-defense as applied to a charge of felony-firearm. See M Crim JI 11.34c. The trial court conducted a *Ginther*[1] hearing to address defense counsel's decision to request a self-defense instruction for the underlying felonies, see M Crim JI 7.15, but not for felony-firearm. Defense counsel testified as to his belief that the self-defense instruction for felony-firearm was less favorable to the defense than the general self-defense instruction. Thus, he did not want to introduce a more restrictive self-defense standard to the jury. The trial court denied defendant's motion for a new trial, concluding that defense counsel reasonably concluded that the wording of the model jury instruction for self-defense as applied to felony-firearm might have prejudiced defendant. We agree.

To establish a claim of ineffective assistance of counsel, defendant must demonstrate that defense counsel's performance fell below an objective standard of professional reasonableness, and that, in the absence of counsel's unprofessional errors, there is a reasonable probability that the outcome of the proceedings would have been different. *People v Grant*, 470 Mich 477, 485-486; 684 NW2d 686 (2004).[2] There is a strong presumption that defense counsel's decisions constitute sound trial strategy. *People v Foster*, 319 Mich App 365, 391; 901 NW2d 127 (2017). Defense counsel's decision to not request "a particular jury instruction can be a matter of trial strategy." *People v Dunigan*, 299 Mich App 579, 584; 831 NW2d 243 (2013).

Defense counsel's main reason for not requesting the self-defense instruction for felony-firearm is that it does not allow a defendant to be mistaken about how much danger was present. That instruction provides in pertinent part:

> (1) An individual who has not or is not engaged in the commission of a crime at the time he or she uses deadly force may use deadly force against another individual anywhere he or she has the legal right to be, with no duty to retreat, if either of the following applies:

---

[1] *People v Ginther*, 390 Mich 436, 443; 212 NW2d 922 (1973).

[2] "Whether a person has been denied effective assistance of counsel is a mixed question of fact and constitutional law. A judge must first find the facts, and then must decide whether those facts constitute a violation of the defendant's constitutional right to effective assistance of counsel." *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). The court's findings of fact are reviewed for clear error, and questions of constitutional law are reviewed de novo. *Id.*

(a) The individual honestly and reasonably believes that the use of deadly force is necessary to prevent the imminent death of or imminent great bodily harm to himself or herself or to another individual. [M Crim JI 11.34c.]

In contrast, the general self-defense instruction allows for a mistaken belief as to the severity of the danger:

(3) First, at the time [he / she] acted, the defendant must have honestly and reasonably believed that [he / she] was in danger of being [killed / seriously injured / sexually assaulted]. If the defendant's belief was honest and reasonable, [he / she] could act immediately to defend [himself / herself] *even if it turned out later that [he / she] was wrong about how much danger [he / she] was in.* In deciding if the defendant's belief was honest and reasonable, you should consider all the circumstances as they appeared to the defendant at the time. [M Crim JI 7.15 (emphasis added).]

Defendant argues that even though the felony-firearm self-defense instruction does not—unlike the general self-defense instruction given—explicitly refer to a mistake about the level of danger, it nevertheless refers to an "honest and reasonable belief" of danger, and this phrase necessarily implies that a defendant can be mistaken as long as his or her belief of harm is honest and reasonable. However, at the very least, the "mistaken belief" language in M Crim JI 7.15 provides additional guidance to the jury. That is, it explicitly tells the jury that a defendant can successfully claim self-defense even when he or she was "wrong about how much danger [he / she] was in." Even if that language amounts to a restatement of the "honest and reasonable belief" standard, it can only benefit the defense. Accordingly, this difference between the model jury instructions supports defense counsel's decision to not request M Crim JI 11.34c.

Defense counsel also explained that M Crim JI 11.34c requires that the defendant believed that the use of deadly force was necessary to prevent *imminent* death or great bodily injury. M Crim JI 7.15, on the other hand, provides that the defendant must have honestly and reasonably believed that he was in danger of being killed or seriously injured and that "what [he / she] did was immediately necessary." Defendant again argues that these two concepts are basically identical. While the instructions are similar, M Crim JI 7.15's language allowing deadly force when "immediately necessary" is broader than M Crim JI 11.34c's directive that such force is only justified when there is imminent death or great bodily harm. Perhaps in most circumstances the two instructions will yield the same outcomes. But given the difference in the language, defense counsel reasonably decided that M Crim JI 7.15 was more favorable.

Of course, both instructions could have been given to the jury, and the jury would been directed to apply each instruction to the respective charges. However, defense counsel reasonably decided that asking the jury to apply two different self-defense standards would have been confusing and may have ultimately led the jury to apply M Crim JI 11.34c—the arguably more demanding instruction—to reject the self-defense claim in whole, i.e., with respect to the homicide charges and felony-firearm. Instead, defense counsel chose to request the self-defense instruction for the predicate charges with the reasonable belief that the jury would acquit defendant of felony-firearm if it found him not guilty of the underlying felonies. Although the record does not reveal the reasons behind the jury's verdict, defense counsel's trial strategy was

largely successful given that the jury acquitted defendant of murder and deadlocked on manslaughter, i.e., the most serious offenses. While the jury convicted defendant of felony-firearm, counsel is not ineffective merely because a strategy did not fully work. See *People v Matuszak*, 263 Mich App 42, 61; 687 NW2d 342 (2004). For those reasons, we affirm the trial court's ruling that defense counsel was not ineffective for not requesting M Crim JI 11.34c.

Defendant also argues that the trial court should have provided the felony-firearm self-defense instruction regardless of any request for it.[3] As discussed, however, defense counsel's decision to not request that instruction was a reasonable trial strategy. Defendant has not provided caselaw, and we have found none, holding that a trial court is required to override a defense counsel's decision to not request a particular defense instruction. And, unlike in *People v Goree*, 296 Mich App 293, 304-305; 819 NW2d 82 (2012), the trial court in the present case did *not* state during its instructions that self-defense does not apply to felony-firearm. Accordingly, defendant has shown that the trial court plainly erred by not giving the self-defense instruction for felony-firearm.

### III. GREAT WEIGHT OF THE EVIDENCE & INCONSISTENT VERDICT

Defendant presents two related arguments. He argues that the verdict was against the great weight of the evidence because he was not convicted of an underlying felony and the jury necessarily found that he had a legal justification for the shooting. For the same reasons, he contends that the jury impermissibly reached an inconsistent verdict.[4]

Contrary to defendant's argument, Michigan permits juries to reach inconsistent verdicts when deciding compound felonies such as felony-firearm. See *People v McKewen*, 326 Mich App 342, 354; ___ NW2d ___ (2018). That is, conviction of the underlying felony is not a prerequisite of guilt for felony-firearm. *People v Lewis*, 415 Mich 443, 453; 330 NW2d 16 (1982). Indeed, the jury was instructed that felony-firearm required the commission of a felony, but that it was not required to *convict* defendant of an underlying felony. See M Crim JI 11.34. Thus, it is immaterial that the jury found defendant guilty of felony-firearm without convicting him of a predicate offense.

Defendant nonetheless argues that his felony-firearm conviction must be set aside because in this case the jury found that he had a legal justification for his actions. However, this is a mischaracterization of the verdict. It is true that the jurors acquitted defendant of murder. But this does not mean that the jurors definitively found that defendant acted in self-defense. We

---

[3] Defendant did not raise this issue below, so our review is for plain error affecting substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

[4] Neither of these arguments were preserved before the trial court. Therefore, our review is for plain error affecting substantial rights. *Carines*, 460 Mich at 763. "The test to determine whether a verdict is against the great weight of the evidence is whether the evidence preponderates so heavily against the verdict that it would be a miscarriage of justice to allow the verdict to stand." *People v Lopez*, 305 Mich App 686, 696; 854 NW2d 205 (2014).

can only speculate as to why the jury acquitted defendant of murder and cannot conclude that the jury necessarily found that defendant acted in lawful self-defense.[5]  For those reasons, defendant fails to show that the verdict in this case constitutes plain error.

Affirmed.


/s/ Christopher M. Murray
/s/ Cynthia Diane Stephens
/s/ Douglas B. Shapiro

---

[5] Defendant relies on *Turner v State*, 283 Ga 17; 655 SE2d 589, 592 (2008), in which Georgia Supreme Court held that the defendant's convictions of  felony murder and aggravated assault must be set aside when the jury "expressly" found that defendant was not guilty of malice murder because the shooting of his victim was justified.  In contrast, the verdict in this case does not provide the reason for the jury's decision to acquit defendant of murder.  Further, unlike Georgia, Michigan has not recognized an "exception" to the rule barring challenges to inconsistent verdicts when the reason for the jury's inconsistent verdict is clear.  See *id*.