*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
April 14, 2022

Plaintiff-Appellee,

v

No. 357252
Wayne Circuit Court
LC No. 19-005233-01-FC

NIJA MONET STARKE,

Defendant-Appellant.

Before: BORRELLO, P.J., and MARKEY and SERVITTO, JJ.

PER CURIAM.

A jury acquitted defendant of second-degree murder, MCL 750.317, for the shooting death of her boyfriend, Eugene Jones, Jr., but found her guilty of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The trial court imposed the statutorily-mandated sentence of two years' imprisonment for the felony-firearm conviction. Defendant appeals by right. We affirm.

## I. FACTUAL BACKGROUND

In the early morning hours of March 10, 2019, defendant shot Jones, her boyfriend and the father of her child. When police officers arrived at defendant's apartment in response to a 911 call, they immediately noticed Jones lying on the bathroom floor, bleeding from his abdomen. Jones told officers that defendant shot him and that he had no idea why she shot him. Defendant informed the police that she and Jones were engaged in a verbal altercation—specifically, that Jones was berating defendant's parenting ability—and that she could not remember much else aside from seeing Jones lying on the floor. Officers discovered defendant's handgun in the bathroom next to Jones, and defendant told the police that she assumed she had retrieved the gun from her purse, although she could not remember doing so. The police also discovered Jones's handgun in a closed compartment in the armrest of the couch, but defendant told officers that she could not remember if he had pulled that gun on her during the altercation. In the officers' opinions, it did not look as if a struggle had taken place in the apartment because nothing appeared disheveled or disturbed.

-1-

After Jones died as a result of multiple gunshot wounds to his arm, back, buttock, abdomen, and thigh, defendant was charged with second-degree murder and felony-firearm. The case proceeded to trial, and two firearm experts employed with the Michigan State Police testified that defendant's handgun was the firearm that was used to shoot and kill Jones. Several neighbors testified that they heard arguing coming from defendant's apartment immediately before they heard gunshots. The neighbors also indicated that they had heard defendant and Jones arguing in the past, which required the police to respond to the apartment on at least one occasion. Defendant's former supervisor testified that Jones had previously shown up at a guard booth in which defendant was working, began arguing with defendant, and smashed the window of the booth, frightening defendant. Jones's ex-wife testified that Jones had physically abused her multiple times, although she never felt the need to pull a gun on him.

During closing arguments, defense counsel contended that defendant "had a right to use force to defend herself." Counsel then argued that "[i]f a person acts in lawful self-defense her actions are justified and she is not guilty of second degree murder or felony firearm." Defendant's attorney then launched into an emphatic argument that the jury should find defendant not guilty of the charges. The trial court instructed the jury on the elements of second-degree murder and felony-firearm, and directly after giving the felony-firearm instruction,[1] the court instructed the jury on self-defense, indicating that the prosecution had the burden of proving that defendant did not act in self-defense. The trial court further instructed the jurors that "[i]f a person acts in lawful self-defense, that person's actions are justified and she is not guilty of second degree murder or weapons felony firearm."

The jury acquitted defendant of second-degree murder but found her guilty of felony-firearm. The trial court subsequently sentenced defendant to two years' imprisonment. Defendant later moved for a new trial on the felony-firearm charge or, in the alternative, for a *Ginther*[2] hearing to establish that trial counsel was ineffective for failing to thoroughly argue to the jury—or for failing to request a specific jury instruction—that self-defense applied to the offense of felony-firearm. The trial court denied defendant's motion, noting that it had refused a request from defendant's attorney for a self-defense instruction that was more specifically tailored to felony-firearm.[3]

## II. ANALYSIS

On appeal, defendant argues that she was denied the effective assistance of counsel because trial counsel failed to explicitly argue that self-defense applied to the felony-firearm charge and failed to request a specific jury instruction explaining how self-defense applied to the charge of felony-firearm. Defendant acknowledges that the trial court instructed the jury that self-defense

---

[1] The court explained to the jury that it did not need to convict defendant of second-degree murder in order to convict her of felony-firearm.

[2] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

[3] Although we could not locate this request in the record, we have no basis to question the accuracy of the trial court's statement.

applies to felony-firearm, but she contends that it is likely that the jury would have acquitted her of felony-firearm had trial counsel and the trial court better emphasized or more thoroughly expressed that point.

Whether counsel was ineffective presents a mixed question of fact and constitutional law, and factual findings are reviewed for clear error, whereas questions of law are reviewed de novo. *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). In *People v Carbin,* 463 Mich 590, 599-600; 623 NW2d 884 (2001), our Supreme Court recited the well-established principles governing a claim of ineffective assistance of counsel:

> To justify reversal under either the federal or state constitutions, a convicted defendant must satisfy [a] two-part test . . . . First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not performing as the counsel guaranteed by the Sixth Amendment. In so doing, the defendant must overcome a strong presumption that counsel's performance constituted sound trial strategy. Second, the defendant must show that the deficient performance prejudiced the defense. To demonstrate prejudice, the defendant must show the existence of a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Because the defendant bears the burden of demonstrating both deficient performance and prejudice, the defendant necessarily bears the burden of establishing the factual predicate for his claim. [Quotation marks and citations omitted.]

An attorney's performance is deficient if the representation falls below an objective standard of reasonableness. *People v Toma*, 462 Mich 281, 302; 613 NW2d 694 (2000).

This Court in *People v Thorne*, 322 Mich App 340, 347-348; 912 NW2d 560 (2017), discussed jury instructions, observing as follows:

> A criminal defendant is entitled to have a properly instructed jury consider the evidence against [her]. The jury instructions must include all elements of the crime charged, and must not exclude from jury consideration material issues, defenses or theories if there is evidence to support them. When a defendant requests a jury instruction on a theory or defense that is supported by the evidence, the trial court must give the instruction. [Quotation marks and citations omitted; alteration in original.]

This Court considers jury instructions as a whole to determine whether the trial court omitted an element of the charged offense, misinformed the jury on the law, or otherwise presented an erroneous instruction. *People v Goree*, 296 Mich App 293, 301; 819 NW2d 82 (2012). The trial court must instruct the jury regarding the law applicable to the case and fairly and fully present the case to the jury in an understandable manner. *Id.* We are to affirm a conviction if the jury instructions fairly presented the issues being tried and adequately protected the rights of the defendant. *Id.* at 301-302. The failure to request a specific jury instruction does not constitute

ineffective assistance of counsel where the trial court otherwise properly instructed jurors on the pertinent subject-matter. *People v Cooper*, 236 Mich App 643, 659; 601 NW2d 409 (1999).

A trial court errs by instructing a jury that self-defense does not apply to a felony-firearm charge. *Goree*, 296 Mich App at 302. We also note that a jury need not convict a defendant of the charged underlying felony in order to convict the defendant of the crime of felony-firearm. *Id.* at 304. Moreover, inconsistent jury verdicts are permissible under Michigan law. *People v Vaughn*, 409 Mich 463, 465-466; 295 NW2d 354 (1980). The *Vaughn* Court indicated "that the mercy-dispensing power of the jury may serve to release a defendant from some of the consequences of his act without absolving him of all responsibility." *Id.* at 466.

Defendant's arguments on appeal are meritless. We conclude that the jury instructions did not indicate in any manner that self-defense was inapplicable to the charge of felony-firearm, that the instructions plainly informed the jury that self-defense was a valid defense to felony-firearm, that the self-defense instructions properly informed the jurors of the law, that the self-defense instructions fairly and fully presented the case to the jury in an understandable manner, and that the self-defense instructions adequately protected defendant's rights. There is no authority supporting the proposition that a more explicit self-defense instruction had to be given in connection with the offense of felony-firearm. Counsel is not ineffective for failing to request an instruction where the jury has been properly instructed. *Cooper*, 236 Mich App at 659.[4] And an attorney "is not ineffective for failing to advance a meritless position or make a futile [request]." *People v Henry (After Remand)*, 305 Mich App 127, 141; 854 NW2d 114 (2014).[5]

Moreover, assuming that trial counsel's performance was deficient, we conclude defendant cannot establish the requisite prejudice. *Carbin*, 463 Mich at 600. The jury was informed that it could acquit defendant of felony-firearm on the basis of self-defense, just as it was informed that the jurors could acquit defendant of second-degree murder if she acted in self-defense; the jury opted for the latter only. We would have to engage in pure speculation to conclude that but for counsel's presumed errors, there was a reasonable probability that defendant would have been found not guilty of felony-firearm. *Id.* We have full confidence in the outcome. Defendant speculatively argues that the inconsistent verdicts revealed that the jury would have been more likely to acquit defendant on the felony-firearm charge were it given a separate or more explicit

---

[4] Because defense counsel's apparent request for a more specific self-defense instruction, as referenced by the trial court, is not part of the record, see MCR 7.210(A), we are proceeding on the assumption that no such request was made. Obviously, if the request was indeed made, it undermines defendant's appellate argument.

[5] Defendant's reliance on our Supreme Court's order in *People v Van Buren*, 505 Mich 851 (2019), is misplaced because the Court's directive that a *Ginther* hearing be held on remand arose out of circumstances in which the trial court wholly failed to inform the jury that self-defense applied to a felony-firearm charge. See *People v Van Buren*, unpublished per curiam opinion of the Court of Appeals, issued January 17, 2019 (Docket No. 339119), vacated 505 Mich 851 (2019), pp 2 and 5. Accordingly, the case is easily distinguishable.

self-defense instruction relative to the charge. We think it more likely that the verdicts simply reflected "the mercy-dispensing power of the jury." *Vaughn*, 409 Mich at 466. In sum, we hold that reversal is unwarranted.

We affirm.

/s/ Stephen L. Borrello
/s/ Jane E. Markey
/s/ Deborah A. Servitto