CASHAW *v.* GREAT LAKES GREYHOUND LINES, INC.
CRAIG *v.* SAME.

1. CARRIERS—PASSENGERS—SUDDEN STOPPING—PLEADING.

Plaintiff passengers of defendant bus line are bound by averments of declaration that sudden stopping of bus which resulted in their injuries was due to a motorist who "cut in" his car and stopped immediately in front of bus, hence they may not make a contrary claim on trial that there was negligence on part of bus driver in not making a slow deceleration for a regular stop.

2. SAME—SUDDEN STOPPING—SUDDEN EMERGENCY.

Bus driver's sudden stopping of bus because a motorist "cut in" ahead of him and stopped quickly did not, as a matter of law, constitute negligence on part of bus driver, since he was confronted with a sudden emergency through no fault of his own and perhaps averted great, if not fatal, injuries to others.

3. TRIAL—DIRECTED VERDICT—PRESENCE OF JURORS.

Direction of verdict for a defendant at end of case in presence of 11 jurors was not error, where at close of plaintiffs' case the court had stated in the presence of all of the jurors he would do so and excused one juror from service on adjourned date because it was a religious holiday, since there was no invasion of such juror's rights.

4. SAME—DIRECTED VERDICT—JURY.

A jury has no duty to perform in a case where the trial court had the right to direct a verdict and did direct it.

5. APPEAL AND ERROR—QUESTIONS REVIEWABLE—MISTRIAL.

Whether or not the declaration of a mistrial as to defendant motorist was error is not discussed, where no appeal was taken from such action.

REFERENCES FOR POINTS IN HEADNOTES

[1] 41 Am Jur, Pleading § 201.
[1] Admissibility as evidence of pleading as containing admissions against interest. 14 ALR 22, 36; 90 ALR 1393, 1396.
[1, 2] 10 Am Jur, Carriers §§ 1343, 1344, 1636.
[5] 3 Am Jur, Appeal and Error § 695.

Appeals from Wayne; Webster (Arthur), J. Submitted June 7, 1951. (Docket Nos. 42–44, Calendar Nos. 44,897–44,899.) Decided September 5, 1951.

Separate actions of case by Dorothy Mae Cashaw, Albert Craig and Mary Craig against Great Lakes Greyhound Lines, Inc., and Edward W. Mohr, Jr., to recover for damages sustained when bus was suddenly stopped. Cases consolidated for trial and appeal. Directed verdict and judgment for defendant Great Lakes Greyhound Lines, Inc. Mistrial as to defendant Mohr. Plaintiffs appeal. Affirmed.

*Harry S. Cohen* and *Gvazda & Shere,* for plaintiffs.

REID, C. J. Each of the plaintiffs instituted suit separately against the Great Lakes Greyhound Lines, Inc. (hereinafter called the bus line), and Edward W. Mohr, Jr., jointly and severally. The 3 suits were by consent consolidated on the trial and again on appeal.

Plaintiffs were passengers on a bus of the defendant bus line, being driven northeasterly on Gratiot avenue toward Mt. Clemens, at about 11 p.m. on May 5, 1947. Plaintiffs claim that the driver of the bus was negligent in stopping the bus too suddenly, thus pitching plaintiffs forward and causing each plaintiff personal injuries.

Plaintiffs further claim defendant Mohr was driving alongside of the bus for about 2 miles while endeavoring to get the attention of the bus driver and cause the bus driver to stop the bus so that a passenger in Mohr's automobile could board the bus, and failing to accomplish that purpose, on nearing the intersection of Quinn road and Gratiot avenue, that defendant Mohr "cut in" ahead of the bus for

the purpose of compelling the bus driver to stop the bus.

The trial court, after lengthy deliberation on the part of the jury, directed a verdict in favor of defendant bus line and declared a mistrial as to defendant Mohr. All 3 plaintiffs took an appeal.

Between 1 and 2 feet of distance separated the bus and Mohr's automobile when the bus came to a stop.

Among other things, the bus driver testified that if he had not stopped the bus suddenly, it would have collided with Mohr's car.

Plaintiffs claim that there is testimony that would warrant a finding by the jury that the bus driver came to a stop, at the place where he did stop, because that was the regular stop for the bus and there were patrons of the bus line waiting there to board the bus, and because if he had proceeded further, the bus would have stopped in the intersection of Quinn road and Gratiot, and plaintiffs seek on this appeal to draw an inference of negligence on the part of the driver of the bus in not making a slow deceleration for a regular stop. Such claim is contrary to the recitals of plaintiffs' declarations, which recite that the sudden stop was caused by Mohr's "cutting in" and not merely a delayed determination to stop at the Quinn road intersection. Plaintiffs are bound by their declarations.

The defendant bus line claims that Mohr's "cutting in" was the cause of the sudden stop.

The court was correct in holding that under the testimony recited in this record, the sudden stop was made necessary by defendant Mohr's "cutting in" and such stop, under the circumstances as disclosed by the testimony, was not negligent, for which reason we affirm the order dismissing the case as to defendant bus line. See *Ottinger* v. *Detroit United Railway,* 166 Mich 106 (34 LRA NS 225, 3 NCCA

323, Ann Cas 1912D 578). Great and perhaps fatal injuries could have been caused but for the sudden stop. The bus driver was confronted with a sudden emergency through no fault of his own.

Plaintiffs further claim error in the substance and form of directing the verdict as to defendant bus line.

The court, in the presence of all 12 jurors, in disposing of a motion for a directed verdict at the close of plaintiffs' cases, announced his ruling as to the defendant bus line, "It is my duty to direct you, and I will direct you when the case is finished, to find a verdict in favor of the defendant Great Lakes Greyhound Lines, Incorporated." Defendant Mohr then put in his proofs (omitted from the record) and the court charged the jury, and the jury retired to deliberate on their verdict. On Friday, September 30, 1949, at 2 p.m., the jury returned to the courtroom, answered the roll-call and retired for further deliberations and afterward it was announced they were excused until Monday at 10 a.m., whereupon the following proceedings took place:

"*Juror No 10* (Marylyn Klein): I have an objection also. It is the holiday and I would prefer to come back on Tuesday, but if there is no other course—

"*The Court:* All of these jurors, all of you, have been here and you have finished your term at 12:30 and we are holding you over as a hold-over jury. Now, I can't excuse one of the jurors without the consent of both attorneys, Mr. Willans and the other side, and he is not here, as you understand. Now, you see the complications?

"*Juror No 10:* Yes.

"*The Court:* I think you ought to appear here and finish out your term, Monday morning.

"All right, excused until Monday."

On Monday, October 3, 1949, juror Marylyn Klein was absent because that day was Yom Kippur, a Jewish holiday, and she declined to serve. She was excused, a verdict for defendant bus line was directed in the presence of the remaining 11 jurors, and a mistrial was declared as to defendant Mohr.

Plaintiff claims the religious scruples of juror Klein were disregarded, in violation of State and Federal Constitutions. We consider her rights were not invaded. When the full nature of her objection to service was made known to the court, the court excused her; she was not required to come into court to serve against her objection.

The court had authority to enter upon the record a verdict in the absence of one or all 12 jurors after having announced such direction in the presence of all 12 jurors. We are not ruling as to what the effect would have been if the court had not announced the direction in the presence of all 12 jurors. For comments on the function of a jury as to a directed verdict, see *Johnston* v. *Cornelius,* 193 Mich 115, in which case we say at page 126,

"If the court had the right to direct the verdict and did direct it, the jury had no duty to perform in the matter."

No error was committed by the trial court.

No appeal was taken from the order of the circuit court declaring a mistrial as to defendant Mohr. The judgment in favor of defendant bus line is affirmed, with costs to defendant bus line.

BOYLES, NORTH, DETHMERS, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.