*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

CARVIN LEVELLE BAILEY,

      Defendant-Appellant.

UNPUBLISHED
March 17, 2020

No. 344779
Muskegon Circuit Court
LC No. 17-004518-FC

Before: MURRAY, C.J., and METER and K. F. KELLY, JJ.

PER CURIAM.

Defendant appeals as of right his convictions for assault with intent to do great bodily harm less than murder (AIGBH), MCL 750.84, and carrying a firearm during the commission of a felony (felony firearm), MCL 750.227b. The jury acquitted defendant of one count of assault with intent to commit murder (AWIM). We vacate defendant's convictions and remand for a new trial.

## I. BACKGROUND

Defendant's convictions arise from his alleged shooting of the victim on August 3, 2017. The victim was in a relationship with defendant's cousin, but defendant did not approve of the relationship. On the day in question, the victim and defendant engaged in a series of contentious phone calls. According to defendant, during the last of these calls, the victim threatened defendant and stated that he was going to drive to defendant's home.

The victim allegedly followed through on this threat and drove to defendant's home with a friend. After the victim exited the vehicle, he and defendant resumed their argument; at the outset of which, defendant stood on his porch and the victim stood near the street. According to the victim, defendant waived a gun during the argument and moved closer to the street as the argument continued. The victim's friend allegedly stayed back by the vehicle.

According to the victim, the argument ended and defendant turned around to reenter his home. At that point, however, an unknown onlooker yelled at defendant, asking defendant if he was going to let the victim talk to him that way. The victim testified that, at this point, defendant turned around and shot at him several times. A fragment of a bullet struck the victim, injuring—

-1-

but not killing—him.  For his part, defendant does not necessarily deny shooting the victim; rather, he argues that he did so out of self-defense.  Defendant argues that he reasonably believed that the victim was going to shoot him because he saw the victim reaching for a gun in his bag.  The victim denied having a bag on his person at the time, but a bag was located in the aforementioned vehicle.

Defendant was charged with one count of AWIM and one count of felony firearm.  In closing argument, the prosecution argued that defendant could not argue self-defense because he was guilty of an uncharged crime: minor in possession of a firearm, MCL 750.234f.  The trial court properly instructed the jury on the elements of felony firearm and AWIM, as well as the less-included charge of AIGBH.  Regarding self-defense, however, the trial court instructed the jury, "If a person acts in lawful self defense, that person's actions are justified, and he is not guilty of assault with intent to murder."  The trial court provided no similar instruction with respect to AIGBH.  Consistent with the prosecution's argument, however, the trial court did instruct the jury that defendant could not claim self-defense if he was involved in the commission of a crime at the time of the shooting and that it is a crime to possess a firearm as a minor.

As noted previously, the jury found defendant guilty of AIGBH and felony firearm.  The trial court sentenced defendant to prison terms of three to 10 years for his AIGBH conviction and two years for his felony-firearm conviction.  This appeal followed.

## II.  ANALYSIS

On appeal, defendant first argues that the trial court erred by failing to properly instruct the jury on defendant's claim of self-defense.  "We review a claim of instructional error involving a question of law de novo, but we review the trial court's determination that a jury instruction applies to the facts of the case for an abuse of discretion."  *People v Dupree*, 486 Mich 693, 702; 788 NW2d 399 (2010).  "An abuse of discretion occurs when the court chooses an outcome that falls outside the range of reasonable and principled outcomes."  *People v Unger*, 278 Mich App 210, 217; 749 NW2d 272 (2008).

"A defendant has the right to have a properly instructed jury consider the evidence against him or her, and it is the trial court's role to clearly present the case to the jury and to instruct it on the applicable law."  *People v Henderson*, 306 Mich App 1, 4; 854 NW2d 234 (2014) (internal citation and quotation marks omitted).  "The instructions must include all elements of the charged offenses and any material issues, defenses, and theories if supported by the evidence."  *People v McGhee*, 268 Mich App 600, 606; 709 NW2d 595 (2005).  A jury instruction is erroneous when the trial court omits an element of an offense or defense or misinforms the jury on the law.  See *People v Hartuniewicz*, 294 Mich App 237, 242; 816 NW2d 442 (2011).

Defendant raises two issues with regard to the trial court's self-defense instruction.  First, defendant argues that the trial court erred by failing to provide a self-defense instruction applicable to the AIGBH charge.  As noted previously, the trial court instructed the jury on the elements of AIGBH but, when instructing the jury on self-defense, the trial court simply stated that, if defendant acted in self-defense, "he is not guilty of assault with intent to murder."  The trial court provided no similar instruction for AIGBH, nor can we find any language in the trial court's instructions from which a reasonable juror could conclude that the self-defense instruction was equally applicable to AIGBH.  Because defendant had a right to a self-defense instruction on both

his AWIM charge and the lesser-included charge of AIGBH, we conclude that the trial court erred by limiting the instruction to AWIM.

Second, defendant argues that the trial court erred by failing to provide a self-defense instruction with regard to the crime of minor in possession of a firearm. While defendant was not charged with possessing a firearm as a minor, the prosecution argued that defendant's commission of this crime prevented defendant from claiming self-defense. MCL 780.972 provides, "An individual *who has not or is not engaged in the commission of a crime at the time he or she uses deadly force*" may use deadly force if he has an honest and reasonable belief that the force is necessary to prevent imminent death or great bodily harm to himself or another individual. (emphasis added). Again, "[t]he instructions must include all elements of the charged offenses and *any material issues, defenses, and theories* if supported by the evidence." *McGhee*, 268 Mich App at 606 (emphasis added). Accordingly, if self-defense is applicable to the crime of minor in possession, because the prosecution put that crime in issue, defendant was entitled to a corresponding self-defense instruction.

In an analogous case, our Supreme Court addressed whether the defense of self-defense was applicable to the crime of possession of a firearm by a person convicted of a felony, colloquially known as the crime of felon in possession, MCL 750.224f. Our Supreme Court noted that it "is axiomatic that the common law affirmative defense of self-defense is embedded in our criminal jurisprudence." *Dupree*, 486 Mich at 705. Our Supreme Court reasoned that the Legislature enacts criminal statutes against the common-law background and that therefore, absent "some clear indication that the Legislature abrogated or modified the traditional common law affirmative defense of self-defense for the felon-in-possession charge in MCL 750.224f or elsewhere in the Michigan Penal Code, we presume that the affirmative defense of self-defense remains available to defendants if supported by sufficient evidence." *Id*. at 705-706. Finding no evidence of any intent to abrogate the common-law defense of self-defense for the crime of felon in possession, our Supreme Court concluded that self-defense remained an available defense to the crime. *Id*. at 706-707.

Pertinent to this issue, the statute criminalizing a minor's possession of a firearm, MCL 750.234f, provides only that "an individual less than 18 years of age shall not possess a firearm in public except under the direct supervision of an individual 18 years of age or older." There is nothing in this language from which we may conclude that the Legislature intended to abrogate the common-law defense of self-defense for minors possessing a firearm, nor have we been pointed to any other section which may impinge on the defense.[1] Accordingly, the trial court erred by failing to provide a self-defense instruction to the jury with respect to MCL 750.234f.[2]

---

[1] In this regard, we must note that the prosecution has not filed a brief on appeal, despite seeking an extension to file a response to defendant's brief.

[2] It is unclear whether defense counsel requested such an instruction. Given the gravity of the prosecution's argument regarding MCL 750.334f, if defense counsel did not request the instruction, his failure to do so rendered his assistance constitutionally defective. See *Strickland v Washington*, 466 US 668, 690; 104 S Ct 2052; 80 L Ed 2d 674 (1984) (stating that "a court

Taken together, these two errors allowed the jury to find defendant guilty of AIGBH in two erroneous situations. First, the jury could have found that, although defendant acted out of self-defense in shooting the victim, it was required to find defendant guilty of AIGBH because self-defense does not apply to that charge. Second, the jury could have erroneously found that, because defendant was a minor carrying a firearm at the time of the shooting, he was not entitled to claim self-defense, even if his possession of the firearm was itself an act of self-defense. Accordingly, because these errors seriously undermine the reliability of the jury's verdict, we must vacate defendant's convictions and remand for a new trial. Given this disposition, we need not address defendant's remaining claims of error.

Vacated and remanded. We do not retain jurisdiction.

/s/ Christopher M. Murray
/s/ Patrick M. Meter
/s/ Kirsten Frank Kelly

---

deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct").