*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

---

ADVISACARE HEALTHCARE SOLUTIONS, INC, doing business as ADVISACARE,

    Plaintiff-Appellee,

v

AUTO OWNERS INSURANCE COMPANY,

    Defendant,

and

HOME-OWNERS INSURANCE COMPANY,

    Defendant-Appellant.

UNPUBLISHED
June 08, 2026
2:55 PM

Nos. 366353; 366546
Kent Circuit Court
LC No. 18-004210-NF

---

ON REMAND

Before: SWARTZLE, P.J., and MURRAY and ACKERMAN, JJ.

PER CURIAM.

This consolidated appeal arises from a third-party action brought under Michigan's no-fault insurance act, MCL 500.3101 *et seq*. Plaintiff, AdvisaCare Healthcare Solutions, Inc., doing business as AdvisaCare, sought payment of personal protection insurance (PIP) benefits for attendant care services provided to Carol Schulz and Sandra Schulz after they were injured in a motor vehicle accident. After a two-day trial, the jury awarded AdvisaCare $149,196.83 in allowable expenses and $101,528.27 in penalty interest, for a total award of $250,725.10 against defendant Home-Owners Insurance Company. In Docket No. 366546, Home-Owners appeals by delayed leave granted the judgment entered following the jury's verdict. In Docket No. 366353, Home-Owners appeals of right the trial court's order granting AdvisaCare's motion for attorney fees and costs under MCR 2.405 and MCL 500.3148.

As can be seen from the prior appellate proceedings, the parties raise a myriad of procedural rules—contained in statute, court rules, and caselaw—to support their respective positions.[1] Added to that, they both claim entitlement to a more equitable position, for whatever that is worth (most of the issues are legal ones, where equity has no role). And as can be seen from our two prior opinions, and the Supreme Court's remand order, we have equivocated on the correct answer to these questions. Below we provide a timeline for what occurred in the trial court and a short background of the prior appellate proceedings, and then resolve the questions submitted on remand from the Supreme Court. Ultimately, we reverse the trial court's denial of Home-Owners' motion for a directed verdict, and remand for entry of judgment against Auto-Owners.

## I. BACKGROUND

First, we discuss the timeline of relevant events in the trial court. In November 2017, Sandra and Carol Schulz filed a declaratory judgment action against their auto insurer, Home-Owners, after attempts to obtain reimbursement for services provided to them by AdvisaCare went partially unpaid. That case was filed in Ottawa Circuit Court. AdvisaCare then filed its complaint against Auto-Owners, the wrong insurer, in Kent Circuit Court in May 2018, seeking reimbursement for the same services. In its answer to the complaint, Auto-Owners asserted as affirmative defenses that AdvisaCare's claims may be "barred in whole or in part by the applicable statute of limitations, one-year back rule, doctrine of laches, and/or statute of repose . . . ." Auto-Owners also stated in its answer to the complaint that it was not the Schulzes' insurer. There is no dispute that Home-Owners and Auto-Owners are sister insurance companies under the umbrella Auto-Owners Insurance Group.

In June 2018, attorneys for the Schulzes, AdvisaCare, and Auto-Owners stipulated to change the venue of the Ottawa Circuit Court case to Kent Circuit Court so that it could be consolidated with AdvisaCare's case against Auto-Owners. The parties stipulated, among other things, that the PIP benefits that the Schulzes sought included payment of the attendant care services provided by AdvisaCare, that the defendant in AdvisaCare's Kent Circuit Court case was the same as the defendant in the Ottawa Circuit Court case, that the defense attorney in both cases was the same, and that both cases involved legal and factual issues that were nearly identical. The Ottawa Circuit Court granted the parties' request, and in August 2018, the Kent Circuit Court consolidated the two cases upon the parties' identical stipulations.

During discovery, and contrary to its answers to AdvisaCare's complaint, in its July 2018 responses to AdvisaCare's request for admissions, Auto-Owners admitted that Carol and Sandra were covered under a "no-fault automobile policy issued through Auto-Owners Insurance Company," and also admitted, upon information and belief, that it was the insurer of highest priority for no-fault benefits. Realizing the mistake in that admission, in November 2018, Auto-Owners provided supplemental answers to the request to admit, attempting to deny what it had previously admitted on the coverage issue. Then, three months later in a February 2019 deposition,

---

[1] See *AdvisaCare Healthcare Solutions Inc v Home-Owners Ins Co*, unpublished per curiam opinion of the Court of Appeals, issued February 11, 2025 (Docket Nos. 366353 and 366546), vacated, *AdvisaCare Healthcare Solutions Inc v Home-Owners Ins Co*, 28 NW3d 322 (2025). We assume the reader is familiar with the other material facts from our prior opinions.

the adjuster for the Schulzes' claim testified that it was Home-Owners, not Auto-Owners, that had a contract with the Schulzes.

In an attempt to clarify the situation, AdvisaCare moved in April 2019 to substitute Home-Owners for Auto-Owners. The trial court granted the motion, concluding that given the close relation of the two parties (with even Auto-Owners' counsel confusing the companies), justice required the substitution. Home-Owners then filed an answer and affirmative defenses to AdvisaCare's complaint, which included the one-year back rule defense and a challenge to the lack of a valid assignment from either Carol or Sandra. Trial ensued. After AdvisaCare presented its case, Home-Owners moved for a directed verdict, arguing that AdvisaCare lacked standing and all of its claims were barred by the one-year back rule. The trial court denied the motion, opining that, as to the one-year back rule, Home-Owners was substituted for Auto-Owners, not an added new party. After denying Home-Owners' post-trial motion, the court entered a judgment awarding AdvisaCare damages and attorney fees against Home-Owners.

In our initial opinion, we reversed "the trial court's denial of a directed verdict on the issue of AdvisaCare's standing to pursue PIP benefits for attendant care services provided to Carol, vacate[d] the trial court's award of attorney fees under MCL 500.3148, and remand[ed] to the trial court for further proceedings consistent with this opinion." *AdvisaCare Healthcare Solutions Inc v Home-Owners Ins Co*, unpublished per curiam opinion of the Court of Appeals, issued February 11, 2025 (Docket Nos. 366353 and 366546), p 1. Two of the conclusions reached in that opinion were that Home-Owners' substitution for Auto-Owners did not relate back to the filing of the complaint, but that conclusion did not result in the one-year rule barring AdvisaCare's claim, as the time commenced under the statute when AdvisaCare received the assignment. See *AdvisaCare Healthcare Solutions Inc*, unpub op at 4. We also held that there was no standing for AdvisaCare to pursue benefits on behalf of Carol, since she had not assigned the right to pursue benefits until after AdvisaCare filed its complaint. *Id*. at 5.

Our second opinion was issued on Home-Owners' motion for reconsideration. We granted that motion, holding that "[b]ecause Home-Owners' substitution on May 3, 2019, did not relate back to when AdvisaCare commenced the action, and was well over a year after AdvisaCare last rendered attendant care services to Carol or Sandra in October 2017, the one-year-back rule barred AdvisaCare's recovery." *AdvisaCare Healthcare Solutions, Inc v Auto-Owners Ins Co (On Reconsideration)*, unpublished per curiam opinion of the Court of Appeals, issued April 10, 2025 (Docket Nos. 366353 and 366546), p 4. We therefore reversed "the trial court's denial of Home-Owners' motion for a directed verdict" and remanded "to the trial court for entry of an order granting defendant's motion." *Id*. at 1, 4. In considering plaintiff's subsequent application for leave to appeal, the Supreme Court determined that our judgment was premature, vacating the opinion and remanding the matter for us to address:

> (1) whether the defendants created the one-year-back argument through false answers to requests for admissions; (2) whether the insureds assigned their claims to the plaintiff in a consolidated action against both of the defendants; (3) whether the misnomer doctrine should apply; and (4) whether the directed verdict motion was procedurally improper and unsupported by evidence. [*AdvisaCare Healthcare Solutions, Inc v Auto-Owners Ins Co*, ___ Mich ___; 28 NW3d 322 (2025).]

## II. ANALYSIS

## A. STANDARDS OF REVIEW

The trial court denied Home-Owners' motion for a directed verdict. We review de novo a trial court's decision on a motion for a directed verdict. *Aroma Wines & Equip, Inc v Columbian Distrib Servs, Inc*, 303 Mich App 441, 446; 844 NW2d 727 (2013). "Whether the relation-back doctrine is applicable is a question of law that this Court reviews de novo." *Local Emergency Fin Assistance Loan Bd v Blackwell*, 299 Mich App 727, 740-741; 832 NW2d 401 (2013).

## B. ASSIGNMENT

We take the Supreme Court's directives out of order for the purpose of clarity, and first address whether the Schulzes assigned their claims to AdvisaCare in the consolidated action against Auto-Owners and Home-Owners. As a refresher, it appears undisputed that AdvisaCare attached Sandra's authorization to its complaint, but did not attach an assignment from Carol, and in fact that assignment was signed the day after suit was filed. Additionally, there is no evidence that Carol's assignment was ever entered into the record until some five years later, after trial. Seeking to get around this standing problem, AdvisaCare argues that because the two cases were consolidated, it didn't matter that it never filed an assignment from Carol, as she was a plaintiff in the consolidated action.

"It is well established that an assignee stands in the shoes of an assignor, acquiring the same rights and being subject to the same defenses as the assignor." *Coventry Parkhomes Condo Ass'n v Federal Nat'l Mtg Ass'n*, 298 Mich App 252, 256-257; 827 NW2d 379 (2012). Under MCR 2.505(A), a trial court may order actions to be consolidated when they involve "a substantial and controlling common question of law or fact." This rule "is silent with regard to whether the consolidated cases are effectively merged into a single case." *Chen v Wayne State Univ*, 284 Mich App 172, 195; 771 NW2d 820 (2009). A consolidation can "describe two different situations in which separate actions are joined and tried together." *Id*. (quotation marks and citations omitted).

> The first situation is that in which there are two or more actions pending, normally between the same parties, and the actions are joined together to form a single action in which a single judgment is entered. The second situation is that in which several actions are ordered to be tried together but each retains its separate character and requires the entry of a separate judgment. This type of consolidation does not merge the actions, the parties in one action do not become parties to the other, and the pleadings in one action are not considered pleadings in the other. [*Id*. (quotation marks and citation omitted).]

"[A]lthough the term 'consolidation' is often used to refer to both situations, Longhofer cautioned against treating MCR 2.505(A) as applying to both" because "Michigan already makes elaborate provision for joinder when cases arise out of the same transaction or occurrence[.]" *Id*.

> Theoretically, if two separate actions arise out of the same transaction or occurrence and involve the same basic subject matter, MCR 2.203(A) requires that they be joined in the original action. A defendant's request that claims not so joined be consolidated is in reality a motion for compulsory joinder under MCR 2.203(A),

-4-

to be evaluated by the standards set forth in that rule, and is not a true motion for consolidation under MCR 2.505(A).

> Conversely, if the separate actions involve claims that could have been joined under MCR 2.203(B), but which were not, MCR 2.505(A) is hardly sufficient justification to *require* merger of those actions at a later time. The actions should, appropriately, retain their individual identities. This is especially true if additional parties are present. [*Id*. at 195-196 (quotation marks and citation omitted).]

Nevertheless, "the few Michigan courts to have addressed consolidation generally agree that *consolidated cases should retain their separate identities*." *Id*. at 196 (emphasis added).

AdvisaCare's argument that the "actions became one" when the consolidation occurred is misguided. The stipulated order that consolidated the cases stated that the "legal and factual issues are identical or nearly identical in both cases" and that judicial economy "would be served by consolidating these cases." The parties agreed that consolidation was "economically beneficial" because the "PIP benefits requested by the [Schulzes] include payment of attendant care services provided by [AdvisaCare]." That AdvisaCare's claim arose from the insureds' assignment of the right to recover for attendant care services did not merge the two actions into one action. See *Chen*, 284 Mich App at 199 (explaining that "the consolidation did not merge the two cases; instead, both cases retained their separate identities"). In fact, the Schulzes' case against Home-Owners was settled, and they were no longer part of the case by the time trial occurred.

Aside from general caselaw on consolidation, AdvisaCare relies only on *Moody v Home Owners Ins Co*, 304 Mich App 415, 443; 849 NW2d 31 (2014), rev'd on other grounds by *Hodge v State Farm Mut Auto Ins Co*, 499 Mich 211; 884 NW2d 238 (2016). *Moody* dealt with how to determine the amount in controversy in a district court case. There, the plaintiff and the providers filed their respective complaints for PIP benefits in the district court, and each complaint sought damages at or below the jurisdictional limit of $25,000. *Id*. at 420. The plaintiff's case was consolidated with the providers' case. *Id*. Before trial, Home-Owners "raised the issue of the trial court's subject-matter jurisdiction because it appeared certain [the plaintiff] intended to claim damages far exceeding the $25,000 jurisdictional limit." *Id*. at 421. The trial court ordered it would cap the plaintiff's damages at $25,000 and did not transfer to the circuit court. *Id*. After the jury returned a verdict in excess of $25,000, and State Farm appealed to the circuit court, the circuit court vacated the judgment because "the amount in controversy exceeded the district court's jurisdictional limits." *Id*. at 426 (quotation marks omitted). In addressing this jurisdictional issue, this Court stated that "[w]hile the providers may bring an independent cause of action against a no-fault insurer, the providers' claims against Home Owners are completely derivative of and dependent on [the plaintiff's] having a valid claim of no-fault benefits against Home Owners." *Id*. at 440. As a result, "[b]ecause there is an identity between [the plaintiff's] claims and those of the providers and because the claims were consolidated for trial, we consider them merged for the purpose of determining the amount in controversy under MCL 600.8301(1)." *Id*. at 441.

While we cannot discount the fact that AdvisaCare's claims are derivative of the Schulzes' claims, the dispositive question here is the type of consolidation ordered by the trial court. And to that point, for the reasons stated above, we conclude that the case remained separate matters

consolidated for efficiency purposes. Accordingly, to the extent AdvisaCare is entitled to reimbursement, as discussed more fully below, it is only entitled to reimbursement for attendant care services provided to Sandra, not Carol.

## C. ONE-YEAR-BACK RULE

We next turn to whether Auto-Owners created a one-year-back argument by submitting false answers to AdvisaCare's requests for admissions. This issue arises because of Auto-Owners' admission that it was the Schulzes' insurer, but then several months later supplementing its responses, stating that Home-Owners was actually the insurer. This changed circumstance led to the granting of the motion to substitute, and impacted the application of MCL 500.3145(2).

MCR 2.312(D) governs the effect of admissions and provides:

> (1) A matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of an admission. For good cause the court may allow a party to amend or withdraw an admission. The court may condition amendment or withdrawal of the admission on terms that are just.

> (2) An admission made by a party under this rule is for the purpose of the pending action only and is not an admission for another purpose, nor may it be used against the party in another proceeding.

Admissions made under MCR 2.312(D) are conclusive in the case, and therefore are not subject to "contradiction or explanation." *Radtke v Miller, Canfield, Paddock & Stone*, 453 Mich 413, 420-421; 551 NW2d 698 (1996). A trial court cannot disregard a judicial admission unless there has been a formal withdrawal or amendment allowed by the court after the filing of a motion. *Hilgendorf v St John Hosp & Med Ctr Corp*, 245 Mich App 670, 689-690; 630 NW2d 356 (2001); MCR 2.312(D)(1).

It is undisputed that Auto-Owners admitted in response to AdvisaCare's request for admissions that it (a) insured the Schulzes under an automobile insurance policy and (b) was responsible for statutorily allowed payment of PIP benefits for injuries sustained in the automobile accident. It is also undisputed that this was in fact not correct, as Home-Owners was the insurer, a fact that the Schulzes were aware of, as they sued Home-Owners in Ottawa Circuit Court. Auto-Owners also stated as much in its answer to the complaint.

A judicial admission can be amended or withdrawn if, upon the filing of a motion, the court determines there is good cause to do so. MCR 2.312(D)(1). But Auto-Owners never moved under this court rule to obtain judicial permission to amend its admissions. Nor did Auto-Owners properly supplement its answers under MCR 2.302(E)(1)(a)(*i*), which imposes a duty to supplement disclosures and responses to requests to admit "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]" According to the authors of Michigan Court Rule Practice, the supplementation provision of MCR 2.302 applies only when supplementing a denial, or denial based on insufficient information, of a request to admit. But when a party seeks to supplement a prior *admission*, MCR 2.312 provides the avenue:

-6-

The duty to supplement responses to discovery requests, imposed by MCR 2.302(E), includes a duty to supplement responses made to requests to admit. If a party has previously denied a request, or set forth reasons why the party could neither admit nor deny, later-acquired information may impose a duty under MCR 2.302(E) to supplement the party's prior response. Leave of court is not required to supplement denials or responses asserting a lack of information, but MCR 2.312 requires court approval to amend or withdraw admissions. Thus, if a party seeks to "supplement" a prior admission, the specific provisions of MCR 2.312, relating to withdrawal or amendment of admissions, apply. [2 Longhofer, Michigan Court Rules Practice (6th ed), § 2312.15, p. 457]

Because the more specific rule governing amending or withdrawing admissions is MCR 2.312(D)(1), that more specific rule controls. See *In re Haley*, 476 Mich 180, 198; 720 NW2d 246 (2006). And under that rule a party must seek and obtain judicial approval to withdraw an admission. Auto-Owners did neither. Consequently, Auto-Owners' admissions remained controlling, meaning that for purposes of this case Auto-Owners was the responsible insurer, even though it had no contractual relationship with the Schulzes. With regard to Auto-Owners, there is no concern that the one-year back rule precluded any of the services provided by AdvisaCare.

We recognize the trouble this conclusion creates, because, of course, Home-Owners was the party that litigated the case at trial and was held liable under the judgment, not Auto-Owners. There is also no dispute that AdvisaCare sued the wrong defendant, and the Schulzes' sued the correct one. Why AdvisaCare sued an insurer that had no contractual relationship with the Schulzes is unclear. Further muddying these waters, in the stipulated order transferring venue to Kent County and consolidating the Schulzes' declaratory action against Home-Owners in Ottawa County with AdvisaCare's complaint against Auto-Owners in Kent County, it was noted that AdvisaCare's case was "against the same [d]efendant as the [Schulzes] in Kent County Circuit Court[.]" But, again, a trial court cannot disregard a judicial admission unless there has been a formal withdrawal or amendment allowed by the court after the filing of a motion. *Hilgendorf*, 245 Mich App at 689-690; MCR 2.312(D)(1). And Auto-Owners' admission and later supplementation led to the granting of the motion to substitute, and impacted the application of MCL 500.3145(2).[2]

Further, Auto-Owners contributed to confusion in other ways. Pre-suit, Auto-Owners sent correspondence to some medical providers in the name of either Home-Owners or Auto-Owners, showing a complete lack of clarity as to which corporate entity was responsible for these insureds. Additionally, it was actually Auto-Owners that issued settlement checks to the Schulzes, not Home-Owners.

Accordingly, the one-year-back defense was created in part by Auto-Owners' actions. Thus, the trial court erred when it denied Home-Owners' motion for a directed verdict, and entered judgment against Home-Owners. Judgment should instead be entered against Auto-Owners with regard to the attendant care services AdvisaCare provided to Sandra only.

---

[2] Home-Owners did not contribute to any confusion or misperception as to the correct insurer.

## D.  MISNOMER

The misnomer doctrine does not apply to alter our conclusion.  Generally, the misnomer of a party "is amendable unless the amendment is such as to effect an entire change of parties." *Salem Springs, LLC v Salem Twp*, 312 Mich App 210, 224-225; 880 NW2d 793 (2015) (quotation marks and citation omitted).  "The misnomer doctrine applies only to correct inconsequential deficiencies or technicalities in the naming of parties, for example, [w]here the right corporation has been sued by the wrong name, and service has been made upon the right party, although by a wrong name . . . ."  *Id*. at 225 (quotation marks and citations omitted; alterations in original).  The doctrine "is inapplicable to the substitution or addition of new or different parties."  *Id*. at 224.

Our Court has addressed whether the incorrect naming of Auto-Owners as a defendant, when the correct defendant was Home-Owners, could be rectified by the misnomer doctrine.  We held that it could not.  In *Turner v Auto-Owners Ins Co*, unpublished per curiam opinion of the Court of Appeals, issued June 17, 2021 (Docket No. 352904), defendant Auto-Owners indicated in its answer and affirmative defenses that it was not the plaintiff's insurer, and that Home-Owners was the insurer.  Despite this, plaintiff did not seek to substitute in, or add, Home-Owners as a defendant.  Auto-Owners moved for summary disposition, arguing that it was not liable because it was not plaintiff's insurer, and the one-year back rule had expired as to the proper insurer.  The trial court granted the motion.  On appeal, plaintiff argued that this Court should apply the misnomer doctrine to allow Home-Owners to be named as the actual defendant.  We rejected the argument, holding:

> This case does not fall within the so-called misnomer doctrine by which an amendment may relate back to the filing of the original action.  "The misnomer doctrine applies only to correct inconsequential deficiencies or technicalities in the naming of parties, for example, where the right corporation has been sued by the wrong name, and service has been made upon the right party, although by a wrong name."  *Miller v Chapman Contracting*, 477 Mich 102, 106-107; 730 NW2d 462 (2007) (quotation marks, brackets, ellipsis, and citations omitted).  When "the plaintiff seeks to substitute or add a wholly new and different party to the proceedings, the misnomer doctrine is inapplicable."  *Id*. at 107.  This case does not involve an inconsequential deficiency or technicality in the naming of a party.  Plaintiff sued the wrong insurer and is now seeking to add a wholly new and different party.  Also, the extent of a plaintiff's fault in pursuing an action against the wrong entity is a factor in determining whether the misnomer doctrine applies.  See *Cobb v Mid-Continent Tel Serv Corp*, 90 Mich App 349, 354; 282 NW2d 317 (1979).  Defendant notified plaintiff at the outset of the case that she had sued the wrong entity and that Home-Owners was her no-fault insurer, but plaintiff took no action to seek leave to amend the complaint for almost a year, waiting until after defendant moved for summary disposition on this ground before asking for leave to amend the complaint.  Plaintiff may not use the misnomer doctrine as a shield given that she was not diligent in seeking a timely amendment.  Plaintiff was on notice from the outset of the case that defendant was not the proper entity to sue, but plaintiff failed to act.  For all of these reasons, the misnomer doctrine is inapplicable. [*Turner*, unpub op at 6-7.]

This holding supports the conclusion that the misnomer doctrine is not applicable to the misnaming of two separate corporate entities, Auto-Owners and Home-Owners, particularly where plaintiff sued the wrong insurer.

## E. DIRECTED VERDICT MOTION

Finally, we hold that the directed verdict motion was neither procedurally improper nor otherwise unsupported by the evidence.

Under MCR 2.516, "[a] party may move for a directed verdict at the close of the evidence offered by an opponent," which "must state specific grounds in support of the motion." Regarding affirmative defenses, MCR 2.111(F)(3) provides:[3]

> (3) *Affirmative Defenses*. Affirmative defenses must be stated in a party's responsive pleading, either as originally filed or as amended in accordance with MCR 2.118. Under a separate and distinct heading, a party must state the facts constituting
>
> (a) an affirmative defense, such as contributory negligence; the existence of an agreement to arbitrate; assumption of risk; payment; release; satisfaction; discharge; license; fraud; duress; estoppel; statute of frauds; statute of limitations; immunity granted by law; want or failure of consideration; or that an instrument or transaction is void, voidable, or cannot be recovered on by reason of statute or nondelivery;
>
> (b) a defense that by reason of other affirmative matter seeks to avoid the legal effect of or defeat the claim of the opposing party, in whole or in part;
>
> (c) a ground of defense that, if not raised in the pleading, would be likely to take the adverse party by surprise.

"The party asserting an affirmative defense has the burden of presenting evidence to support it." *Attorney Gen ex rel Dep't of Environmental Quality v Bulk Petroleum Corp*, 276 Mich App 654, 664; 741 NW2d 857 (2007). An affirmative defense is any defense "that does not controvert the plaintiff's establishing a prima facie case, but that otherwise denies relief to the plaintiff." *Stanke v State Farm Mut Auto Ins Co*, 200 Mich App 307, 312; 503 NW2d 758 (1993). "[I]t is a matter that . . . admits the establishment of the plaintiff's prima facie case, but that denies that the plaintiff is entitled to recover on the claim for some reason not disclosed in the plaintiff's pleadings." *Id*.

Home-Owners moved for a directed verdict on the basis that AdvisaCare was not allowed to prevail on its claims because of the one-year-back rule, regardless of whether AdvisaCare could

---

[3] Although the one-year-back rule is not enumerated in MCR 2.111(F)(3)(a), "the enumerated defenses were not intended to form a closed class, but were included by way of illustration only." *Campbell v St John Hosp*, 434 Mich 608, 615; 455 NW2d 695 (1990).

establish its prima facie case. See MCR 2.516 and *Barnes v 21st Century Premier Ins Co*, 334 Mich App 531, 550; 965 NW2d 121 (2020). In arguing that the motion was improperly brought, AdvisaCare relies on *People v Hartuniewicz*, 294 Mich App 237, 239; 816 NW2d 442 (2011), for the proposition that raising that defense in a motion for a directed verdict after plaintiff's case was improper. *Hartuniewicz*, 294 Mich App at 238-239, held that an exclusion in MCL 333.7227(1), a provision of the controlled substances act, MCL 333.7101 *et seq.*, was "not an element of a possession offense, but an affirmative defense for which a defendant bears the burden of proof." Because the defendant did not present evidence supporting the defense, the trial court's denial of his motion for a directed verdict was affirmed. *Hartuniewicz*, 294 Mich App at 239. *Hartuniewicz*, being a criminal matter, is not helpful. Further, this Court affirmed the denial of the defendant's motion for a directed verdict because the prosecution presented sufficient evidence establishing the elements of possession and the defendant did not meet his burden of proof as to the affirmative defense. *Id*. at 248-249. Here, however, proofs had been presented, in the form of medical bills establishing the dates of service, which provided factual support for Home-Owners to move for a directed verdict on its one-year-back argument.

AdvisaCare also relies on *Community Resource Consultants, Inc v State Farm Mut Auto Ins Co*, unpublished per curiam opinion of the Court of Appeals, issued April 7, 2009 (Docket No. 281966).[4] In *Community Resource Consultants, Inc*, unpub op at 1-2, when the defendant initially "raised the one-year-back rule in a discussion with the trial court and [the] plaintiff in chambers," the trial court "explained that [the] defendant had not raised the one-year-back rule either during pretrial proceedings or trial and that, by only raising the issue after the proofs had been completed, [the] defendant had denied plaintiff the 'opportunity to rebut.' " After the jury reached a verdict in favor of the plaintiff and a judgment was entered against the defendant, the defendant moved for judgment notwithstanding the verdict, asserting that "the trial court erred in submitting to the jury [the] plaintiff's bills for services rendered more than a year before the complaints were filed." *Id*. at 2. "The trial court granted the motion." *Id*. However, this Court held that the trial court erred by granting the motion for JNOV because the motion "was not the proper method for the trial court to remedy its perceived legal error of failing to enforce the one-year-back rule," and "[a]ny such error was an error of law, rather than an error in the sufficiency of the evidence." *Id*. at 3.

Here, Home-Owners moved for a directed verdict in part on the basis that the one-year-back rule barred recovery, a defense AdvisaCare had knowledge of at the start of the case. Home-Owners also relied on undisputed evidence presented by AdvisaCare that would allow the court to decide whether the one-year-back rule applied and barred AdvisaCare's claim. See, e.g., *Cashaw v Great Lakes Greyhound Lines*, 331 Mich 291, 293-294; 49 NW2d 183 (1951) (affirming the trial court's application of the sudden emergency doctrine on directed verdict based on the undisputed facts contained in the plaintiffs' declarations); *Sniecinski v Blue Cross and Blue Shield of Mich*, 469 Mich 124, 131; 666 NW2d 186 (2003) ("A motion for directed verdict . . . should be granted only if the evidence viewed in this light fails to establish a claim as a matter of law."). AdvisaCare

---

[4] "Although MCR 7.215(C)(1) provides that unpublished opinions are not binding under the rule of stare decisis, a court may nonetheless consider such opinions for their instructive or persuasive value." *Cox v Hartman*, 322 Mich App 292, 307; 911 NW2d 219 (2017).

has not shown how bringing the motion for directed verdict on this ground was improper, as it did not challenge the sufficiency or credibility of the evidence; it argued that the evidence was undisputed, and required judgment be entered in its favor.

In sum, we answer the four questions on remand as follows: (1) Auto-Owners did not properly amend its answer to AdvisaCare's requests for admissions, and therefore was, for purposes of this case, the insurer of the Schulzes; (2) the misnomer doctrine does not apply between the two separate corporate entities; (3) the two cases were not consolidated into a single case, and (4) the motion for directed verdict was procedurally proper.

We reverse the trial court's denial of Home-Owners' motion for a directed verdict on this basis, and remand for entry of (1) an order adding Auto-Owners back as a defendant and (2) judgment against Auto-Owners with regard to the attendant care services AdvisaCare provided to Sandra only. See MCR 7.216(A)(2) and (7) (in addition to its general powers, the Court of Appeals may "allow substitution, addition, or deletion of parties" or "enter any judgment or order or grant further or different relief as the case may require"). To the extent they remain unchanged by this decision, we adhere to our prior opinions. We do not retain jurisdiction.

/s/ Brock A. Swartzle
/s/ Christopher M. Murray
/s/ Matthew S. Ackerman